Seymour **KLONER**

v.

George C. **WILKINSON, Warden, Federal Correctional Institution, Danbury, Connecticut, et al.**

Civ. No. B–76–145.

United States District Court,
D. Connecticut.

Aug. 18, 1976.

Seymour Kloner, pro se.

Raymond L. Sweigart, Asst. U. S. Atty., New Haven, Conn., for respondents.

MEMORANDUM OF DECISION

NEWMAN, District Judge.

Petitioner, presently incarcerated at the Federal Correctional Institution, Danbury, contests the decision of prison authorities not to refer his name to the Parole Commission for consideration. Petitioner served 22 months of a five-year sentence imposed in 1971 before being released on parole in September, 1973. In January, 1975, petitioner was rearrested and his parole was revoked in February, 1975, at which time he was reincarcerated pending an institutional parole review to be held in January, 1977. The Second Circuit Court of Appeals subsequently ruled that petitioner's initial parole revocation hearing had been procedurally deficient and ordered the Parole Commission to conduct a new hearing. *Kloner v. United States,* 535 F.2d 730 (2d Cir. 1976). For purposes of deciding this petition I assume, but do not decide, that petitioner's incarceration should be measured from February, 1975. Kloner contends that the Parole Commission and Reorganization Act, 18 U.S.C. § 4201 *et seq.,* Pub.L. 94–233 (Mar. 15, 1976), which took effect on May 14, 1976, requires that he be reconsidered for parole at this time. He relies solely on § 4206(d).

The new parole act provides for mandatory release on parole in § 4206(d):

> Any prisoner, serving a sentence of five years or longer, who is not earlier released under this section or any other applicable provision of law, shall be released on parole after having served two-thirds of each consecutive term or terms

. . . . .

Kloner claims that he originally served 24 months of his five-year sentence before his original parole was granted. Since reincarcerated on the parole violation he has served an additional 16 months. Thus he claims that he has served two-thirds of his original sentence (40 of 60 months), and is entitled to release under § 4206(d).

The legislative history of the bill demonstrates that petitioner's claim is without merit. Senator Burdick introduced the conference committee report on the floor of the Senate. Referring to § 4206(d), he said:

> The legislation also provides new parole criteria which come into effect when the prisoner has completed two-thirds of his sentence, which are designed to complement the present statutory provisions for good time and assure that prisoners with long sentences have at least some period of supervision in their community before total release from federal custody. *For those prisoners whose parole has been revoked and who have been returned to prison, it is intended that the two-thirds be based upon time remaining to be served when they are reimprisoned.*

122 Cong.Rec. No. 28 at S2573 (Mar. 2, 1976) (emphasis added). Representative Kastenmeier, who reported the bill to the House of Representatives, reiterated Burdick's remarks. 122 Cong.Rec. No. 29 at H1500 (Mar. 3, 1976). The views of Senator Burdick and Representative Kastenmeier for the Conference Committee on this section clearly comport with the purpose of the Act.

One example will demonstrate the invalidity of petitioner's claim. An adult offender with very good offender characteristics sentenced to a five-year term of incarceration for extortion could be paroled at 36 months. If he subsequently violated his parole, on petitioner's reading of this section he could be reincarcerated only for a maximum of four months. In such a situation, the power given the Commission by 18 U.S.C. § 4214(d) & (e) would be rendered largely illusory because the Commission's continuing authority to incarcerate would be severely limited. Thus it is evident that petitioner's interpretation of the statute is not only unsupported by the legislative history, but contravenes the purpose of the statute.

Petitioner has submitted a further set of papers, styled "motion for summary judgment," which will be treated as a new petition for a writ of habeas corpus because it raises substantially different claims than those in issue here.

Accordingly, the petition is denied for failure to state a claim upon which relief can be granted.