**Oscar GOODMAN, Petitioner–Appellant,**

v.

**Jim MEKO, Warden, Metropolitan Correction Center et al., Respondents–Appellees.**

**No. 87–6065**

**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Dec. 19, 1988.

Dexter W. Lehtinen, U.S. Atty., Linda Collins Hertz, Harriett R. Galvin, Asst. U.S. Atty., Miami, Fla., for respondents-appellees.

Before TJOFLAT, VANCE and JOHNSON, Circuit Judges.

PER CURIAM:

Oscar Goodman, a federal prisoner proceeding *pro se,* appeals the district court's denial of his petition for writ of habeas corpus. Goodman asserts that he is being held in custody beyond his mandatory release date. We affirm.

Goodman was sentenced to a term of twenty years' imprisonment in 1969. He was paroled in 1976 after serving seven years and one month of his twenty year term. In 1979, Goodman's parole was revoked and he was reincarcerated. After he had served an additional six years and three months, he was paroled a second time in 1986. Goodman's parole was revoked again on April 27, 1987. Prior to the filing of his petition, he had served an additional four months of his sentence.

---

**2.** We do not address the district court's power pursuant to the doctrine of forum non conve-   niens.

In his petition, Goodman maintained that because he had served a total of fourteen years and nine months of his twenty year term,[1] he was eligible for mandatory release under Section 4206(d) of the Parole Commission and Reorganization Act, 18 U.S.C. §§ 4201–4218 (1982). That section provides that:

> Any prisoner, serving a sentence of five years or longer, who is not earlier released under this section or any other applicable provision of law, shall be released on parole after having served two-thirds of each consecutive term or terms, or after having served thirty years of each consecutive term or terms of more than forty-five years including any life term, whichever is earlier
>
> . . . .

The district court denied Goodman's petition, concluding that the statute required him to serve two-thirds of the remainder of his original sentence at the time of his second reincarceration.

Goodman makes essentially the same argument on appeal, contending that because he has served more than two-thirds of his original twenty year sentence, he is entitled to immediate release.[2] Two district courts have addressed the question of whether a reincarcerated parolee is entitled to mandatory release under Section 4206(d); both have held that the statute requires the prisoner to serve two-thirds of the *remainder* of his sentence at the time of reincarceration. *Davidson v. United States*, 598 F.Supp. 926, 928–29 (N.D.Ind.1984), *appeal dismissed*, 789 F.2d 919 (7th Cir.1986); *Kloner v. Wilkinson*, 418 F.Supp. 608, 608–09 (D.Conn.1976).

We agree with the district courts' construction of the statute. By its terms, Section 4206(d) applies only to prisoners who have not been "earlier released under this section or any other applicable provision of law." 18 U.S.C. § 4206(d) (1982). The legislative history of the Parole Commission and Reorganization Act provides further support for this interpretation. When introducing the bill to their respective chambers, Senator Burdick and Representative Kastenmeier explained that for those prisoners whose parole had been revoked and who had been returned to prison "it is intended that the two-thirds be based upon time remaining to be served when they are reimprisoned." 122 Cong.Rec. 4862 (1976); 122 Cong.Rec. 5163 (1976). Goodman's claim that he is eligible for mandatory release is thus without merit and the district court did not err in denying his petition.[3]

Goodman also argues that the district court should have conducted an evidentiary hearing and appointed him counsel in this appeal. An evidentiary hearing would have served little purpose because Goodman made all of the relevant documentation part of the record. Finding no exceptional circumstances that warranted the appointment of counsel, we denied Goodman's motion for appointment of counsel before this court. We find no abuse of discretion in the district court's refusal of Goodman's request for court appointed counsel.

Accordingly, the district court's denial of Goodman's petition for writ of habeas corpus is

AFFIRMED.

---

1. The record indicates that as of September 1, 1987 (approximately the date of the filing of Goodman's petition), Goodman had in fact served thirteen years and eight months, which in any event exceeds two-thirds of his twenty year sentence. Goodman challenges the district court's computation of his remaining time; appellees concede that errors were made and apparently acknowledge that Goodman had served thirteen years and eight months as of September 1, 1987.

2. Goodman does not specifically rely on 18 U.S.C. § 4206(d) in his brief, and explicitly disavows reliance on that statute in his reply brief. Good-

man proffers no other authority, either statutory or otherwise, for his claim that because he has served two-thirds of his original sentence he is entitled to be released; we therefore construe his argument to be a challenge to the district court's interpretation of Section 4206(d).

3. Because we hold that the district court properly denied Goodman's petition on this ground, we do not address appellees' alternative contention that the petition should have been denied because he failed to comply with the service requirements of Fed.R.Civ.P. 4(d)(4).