**STATE of Alaska, Appellant,**

v.

**Robert MERRY, Appellee.**

No. A–2854.

Court of Appeals of Alaska.

Dec. 29, 1989.

Michael J. Stark, Asst. Atty. Gen. and Douglas B. Baily, Atty. Gen., Juneau, for appellant.

Larry Cohn, Anchorage, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

COATS, Judge.

Robert Merry was convicted of two counts of misconduct involving a controlled substance in November 1983. Superior Court Judge S.J. Buckalew, Jr., sentenced Merry to five years imprisonment with three and one-half years suspended and placed him on probation for five years following his release from confinement. Merry served ten and one-half months. The parole board then released Merry on discretionary parole. Merry's parole expired in May 1985, seven and one-half months after his release. Merry then began his probationary period.

In June 1986 Merry was convicted of misconduct involving a controlled substance in the third degree. Judge Roy H. Madsen sentenced Merry to six years of imprisonment, which included a four-year presumptive term. Merry was still on probation at the time he committed this subsequent drug offense. Based upon this conviction, Judge Buckalew revoked Merry's probation from his first conviction and ordered Merry to serve the balance of his five-year term, three and one-half years, on the original sentence. Judge Buckalew ordered that this sentence would be consecutive to the sentence which Judge Madsen imposed for Merry's second conviction.

Merry served the four-year presumptive term from his second conviction. Merry and the state agree that he became eligible for parole in that case in March 1988. *See Merry v. State,* 752 P.2d 475, 477 (Alaska App.1988). The parties agree that the parole eligibility statutes in effect at the time Merry committed his first offense govern when he is eligible for parole. Former AS 33.15.080. The question which arises in this case concerns the language of former AS 33.15.080, which provides in pertinent part that "[n]o prisoner may be released on parole who has not served at least one-third of the period of confinement to which the prisoner has been sentenced." The state argues that, under this provision, Merry is required to serve one-third of the three and one-half years remaining on the original sentence. Merry contends that when Judge Buckalew revoked his probation, he imposed a term of five years of imprisonment. Merry argues that the time which he had previously served on these five years should be counted in computing when he has served one-third of his sentence. Merry contends that when computing the time which he has served, we should count not only the time which he previously served in prison on this offense, *i.e.,* the ten and one-half months, but we should also count the period of time which he spent on parole. Merry argues that he is therefore entitled to credit for having previously served eighteen months.

The parties originally presented this issue to Judge Beverly W. Cutler. Judge Cutler initially adopted Merry's interpretation of the statute. However, upon reconsideration, Judge Cutler concluded that the state's interpretation of the statute was correct. However, Judge Cutler concluded that the state's interpretation of the statute would result in an unlawful increase in Merry's sentence and that this increase was prohibited by the double jeopardy clauses of the Alaska and the United States constitutions. Judge Cutler based her decision on *Nelson v. State,* 617 P.2d 502, 504 (Alaska 1981).

In arguing its interpretation of the statute, the state highlights the various versions of former AS 33.15.080 (1974 H.B. 511) which the Alaska Legislature considered. Initially, the bill provided that "no prisoner may be released on parole who has not served at least one-third of the sentence imposed...." The language which the legislature ultimately enacted, however, was that "no prisoner may be released on parole who has not served at least one-third of the period of confinement to which he [the prisoner] has been sentenced." The state contends that this progression shows that the legislature "intended that a prisoner serve at least a third of each period of confinement before being eligible for parole" rather than one-third of the entire sentence.

As Merry points out, however, the members of the House Judiciary Committee appeared to be concerned that the "sentence imposed" language might refer to suspended jail time. The use of the term "period of confinement" appears to have been the legislature's attempt to ensure that the one-third requirement applied only to the period of time of actual confinement to which the prisoner was sentenced, and not to the suspended portion of the sentence. 1974 H.Jud.Com.Proceedings at 162–63, 179–80. The legislature does not appear to have addressed the problem which is raised when a prisoner serves a split sentence.

The legislature appears to have considered the analogous federal statute, former 18 U.S.C. § 4205(a) when it adopted AS 30.15.080. However, the state has not cited any definitive interpretation of the

federal statute. The state does cite *Kloner v. Wilkinson*, 418 F.Supp. 608 (D.Conn. 1976). However, *Kloner* construed former 18 U.S.C. § 4206(d) which required that prisoners must be granted parole after having served two-thirds of their sentences. This is a different statute, and there are different policy arguments which apply where a statute prescribes that a person must be released on parole, rather than providing when he may be released on parole.

We have reviewed the federal parole regulations to determine whether they shed any light on the federal interpretation of the analogous federal statute. Title 28 of the *Code of Federal Regulations* section 2.2(a) provides that a federal prisoner "serving a maximum term or terms of more than one year ... may be released on parole ... after completion of one-third of such term or terms...." This language does not seem to address the problem of the split sentence. Section 2.53(d) of Title 28 does specifically address the problem under the federal statutes presented in the *Kloner* case. The regulation states that:

A prisoner whose parole has been revoked and whose parole violator term is 5 years or more shall be eligible for mandatory parole under the provisions of this section upon completion of two-thirds of the violator term and shall be considered for mandatory parole under the same terms as any other eligible prisoner.

The "violator term" seems to make it clear that under federal regulations a prisoner whose parole has been revoked must serve two-thirds of the additional term—the "violator term." However, there is no similar provision which appears to apply to the problem where a prisoner is serving a split sentence. We conclude that the legislative history of former AS 33.15.080 is not helpful in resolving the question of statutory interpretation in this case.

The state argues that we should defer to the interpretation which the parole board has adopted. *See Storrs v. State Medical Board*, 664 P.2d 547, 552 (Alaska 1983), *cert. denied*, 464 U.S. 937, 104 S.Ct. 346, 78 L.Ed.2d 312 (1983). ("[S]tatutory construction adopted by those responsible for administering a statute should not be overruled in the absence of. 'weighty reasons.'") However, many statutes which are administered by administrative agencies are statutes where the agency has particular expertise in an area. This is not the situation in this case. The legislature obviously intended to limit the jurisdiction of the parole board to parole prisoners. The legislature wished to make sure that a prisoner served at least one-third of his sentence. However, the legislature simply does not appear to have considered the situation of a split sentence. We do not believe that the parole board has any particular expertise in determining the intent of the legislature in this instance.

█ We believe that this is an instance where the primary consideration in interpreting the statute is to require the statute to give notice to those whom it regulates. We have consistently held that ambiguities in criminal statutes must be "narrowly read and strictly construed against the government." *Kinnish v. State*, 777 P.2d 1179 (Alaska App.1989); *State v. Andrews*, 707 P.2d 900, 907 (Alaska App.1985). We believe it is as sensible to look to Merry's "period of confinement" as being the ultimate five-year sentence which Judge Buckalew imposed as it is to look at only the three and one-half year period of time which Judge Buckalew imposed when he revoked the suspended portion of Merry's sentence. Judge Buckalew's order can be looked at as the imposition of a five-year sentence, and Merry was entitled to receive credit for the time which he had previously spent in custody on this sentence.[1] We therefore conclude that, interpreting former AS 33.15.080 strictly, Merry was at

---

1. Alaska Statute 12.55.025(c) provides in part that:

A defendant shall receive credit for time spent in custody pending trial, sentencing, or appeal, if the detention was in connection with the offense for which the sentence was imposed. A defendant may not receive credit for more than the actual time spent in custody pending trial, sentencing, or appeal.

least entitled to credit for the ten and one-half months which he had previously served towards his sentence in computing the time when he would be eligible for parole. As Judge Cutler pointed out in reaching her decision in this case, giving Merry credit for time which he had previously served on his sentence does not achieve any dramatic result; the result is only that Merry will be eligible for parole at an earlier date. The result does not compel the parole board to release Merry.

 We next deal with Merry's contention that, in computing the time when he is eligible for parole, the parole board must count the seven and one-half months when he was released on parole. Again, former AS 33.15.080 stated in pertinent part that "no prisoner may be released on parole who has not served at least one-third of the period of confinement to which the prisoner has been sentenced." Although we strictly construe criminal statutes, "[s]trict construction does not require that statutes be given the narrowest meaning allowed by the language; rather, the language should be given 'a reasonable or common sense construction, consonant with the objectives of the legislature.'" *Belarde v. Anchorage*, 634 P.2d 567, 568 (Alaska App.1981). Former Alaska Statute 33.15.080 requires

the person to have *served* one-third of the period of confinement to which he has been sentenced. The language appears to require actual service of the sentence. Again, this interpretation seems consistent with AS 12.55.025(c) which provides that "[a] defendant shall receive credit for time spent in custody pending trial, sentencing, or appeal, if the detention was in connection with the offense for which the sentence was imposed. A defendant may not receive credit for more than the actual time spent in custody pending trial, sentencing or appeal." We accordingly conclude that, although Merry is entitled to credit for the time he actually spent in custody previously on his first offense in calculating his parole eligibility date, he is not entitled to receive credit under former AS 33.15.080 for the time when he was released on parole.[2]

The order of the superior court is AFFIRMED in part and REVERSED in part.

---

**2.** We find no merit in Merry's double jeopardy argument. *Nelson v. State,* 617 P.2d 502, 504 (Alaska 1981), was a case where the trial judge, at the initial sentencing, did not restrict Nelson's parole eligibility. When the court later imposed the suspended sentence and restricted Nelson's parole, the addition of the parole restriction was an increase in Nelson's sentence over what the court had imposed at the initial sentencing. The court only had the authority to revoke Nel-

son's suspended sentence, not directly increase the amount of time which Nelson had to serve before he was eligible for parole. However, a court does not violate the double jeopardy clause where the defendant is on notice of statutory provisions which restrict his liberty if his probation is revoked lawfully. *See Williams v. Wainwright,* 650 F.2d 58 (5th Cir.1981). *See also United States v. DiFrancesco,* 449 U.S. 117, 137, 101 S.Ct. 426, 437, 66 L.Ed.2d 328 (1980).