David L. KELLEY, Appellant,

v.

STATE of Alaska, Appellee.

No. A–3134.

Court of Appeals of Alaska.

Jan. 19, 1990.

R. Scott Taylor, Asst. Public Defender, and John B. Salemi, Public Defender, Anchorage, for appellant.

Brent Cole, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

David L. Kelley was charged by information with burglary in the second degree and theft in the second degree. In return for Kelley's no contest plea to the theft charge, the state dismissed the charge of burglary. Kelley had previously been convicted of a burglary and was consequently subject to a two-year presumptive term. Kelley alleged no mitigating factors, and the state alleged one aggravating factor. Superior Court Judge Joan M. Katz found the aggravating factor applicable and sentenced Kelley to an adjusted presumptive term of three and one-half years with one year suspended. Judge Katz specified that Kelley would be ineligible for parole. As a condition of the one year of suspended incarceration, Judge Katz ordered Kelley to complete three years of probation. As a special condition of probation, the judge directed Kelley to "complete residential and outpatient alcohol and mental health treatment as may be required by the Probation Office." Kelley appeals his sentence. We affirm in part and reverse in part.

■ Kelley's initial contention is that the court erred in concluding that the state had proven the aggravating factor specified in AS 12.55.155(c)(21): that Kelley had a criminal history of repeated instances of similar misconduct. As proof of this factor, the state relied entirely on the summaries of Kelley's criminal record that were contained in the presentence reports. Those summaries disclosed that, in addition to his prior felony conviction and a related misdemeanor theft, Kelley had fifteen prior misdemeanor convictions, at least four of which were for theft or theft-related offenses. The presentence reports, however, contained no details concerning the prior misdemeanor convictions.

At the sentencing hearing, Kelley's counsel acknowledged that Kelley's prior felony conviction involved circumstances virtually identical to the current case and qualified as one prior similar incident. Although counsel did not dispute that Kelley had been convicted of several theft-related misdemeanors, counsel maintained that there was no evidence of the facts involved in those cases and therefore nothing to establish that they were actually similar to the current case. Counsel argued that, absent evidence establishing the nature of Kelley's conduct in the prior misdemeanor theft cases, there was no clear and convincing evidence that Kelley's criminal history included more than one incident of prior misconduct that was actually similar to the misconduct in the current case.

In rejecting this argument, Judge Katz concluded that the theft-related nature of the prior misdemeanor offenses was itself sufficient to establish their similarity to Kelley's current offense. On appeal, Kelley disputes this conclusion, renewing the argument that he made below.

■ We find Kelley's argument unpersuasive. The argument presupposes that proof of the challenged aggravating factor requires a particularized showing of factual and circumstantial similarity between current incidents of misconduct. However, the express language of AS 12.55.155(c)(21) requires only that prior misconduct be "similar in nature." Incidents of misconduct may fairly be said to be "similar in nature" if they involve the same type of crime. In our view, the statutory requirement of similarity is satisfied when a defendant who currently stands convicted of theft is shown to have been formerly convicted of other thefts. No additional factual showing is needed.

For this reason, we conclude that the sentencing court did not err in finding that the disputed aggravating factor was established by clear and convincing evidence. Having independently reviewed the entire sentencing record, we further conclude that the court was not clearly mistaken in relying on this factor to impose an adjusted presumptive term of three and one-half years with one year suspended.

Kelley next challenges the sentencing court's imposition of a restriction making him ineligible for parole during the six-month portion of his sentence that exceeds the two-year presumptive term. In *Jack-*

*son v. State,* 616 P.2d 23, 25 (Alaska 1980), the Alaska Supreme Court emphasized that when a sentencing court decides to restrict eligibility for parole, it "should articulate on the record its reasons for doing so." Relying on *Jackson,* this court has consistently held that a generalized discussion of applicable sentencing criteria does not constitute an adequate explanation of a parole restriction; we have repeatedly required that the sentencing court's reasons for restricting parole be expressly stated. *See, e.g., Newell v. State,* 771 P.2d 873, 876–77 (Alaska App.1989); *Lawrence v. State,* 764 P.2d 318, 321 (Alaska App.1988); *Qualle v. State,* 652 P.2d 481, 486 (Alaska App.1982); *Spencer v. State,* 642 P.2d 1371, 1377 (Alaska App.1982).

■ As we said in *Lawrence,* 764 P.2d at 321, "[p]arole authorities should be better situated to judge [the offender's] prospects for parole because they will have the opportunity to evaluate [the offender] at a future time, after he has had an opportunity to respond to the effects of rehabilitation programs." For this reason, a sentencing court should exercise its discretion to restrict parole only when there is a sound reason for withholding from the parole board its usual authority to determine a prisoner's eligibility for release. When the court decides that such a reason exists, it must state the reason on the record.

■ In the present case the sentencing court gave no explanation of its decision to restrict Kelley's eligibility for parole. Indeed, the parole restriction appears to have been added almost as an afterthought. Under the circumstances, we find the parole restriction to be clearly mistaken and conclude that it must be vacated.

■ Finally, Kelley challenges the validity of the special .condition of probation that requires him to undergo residential treatment if directed to do so by the probation office. The state has conceded that the condition is invalid; the concession has legal foundation. *See Hester v. State,* 777 P.2d 217, 219 (Alaska App.1989). To the extent that the challenged condition gives the probation office the discretion to require Kelley to enter a residential program, the condition is impermissible and must be vacated.

The sentence is AFFIRMED in part and REVERSED in part. This case is REMANDED with directions to enter an amended judgment eliminating Kelley's parole restriction and modifying the special conditions of probation by deleting the provision authorizing the probation office to require Kelley's participation in residential treatment.