**Charles W. DULIER, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–2948.**

Court of Appeals of Alaska.

March 23, 1990.

Charles W. Dulier, pro se.

Robert F. Meachum, Asst. Public Defender, Juneau, and John B. Salemi, Public Defender, Anchorage, for appellant.

W.H. Hawley, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Charles W. Dulier was convicted of manslaughter in 1972 and sentenced to twenty years imprisonment with parole eligibility at the discretion of the parole board. *See Dulier v. State*, 511 P.2d 1058, 1060 (Alaska 1973). Dulier was apparently released on discretionary parole in December 1979. He was reincarcerated after a parole violation in February 1986 and his parole was subsequently revoked. Dulier filed for post-conviction relief, seeking an order directing the Department of Corrections to give Dulier credit for his sentence for the time he served on parole. Dulier's application was denied and he appeals. We affirm the judgment of the superior court.

■■■ Dulier contends that he is entitled to credit for his parole time because he remained legally in the "custody" of the Department of Corrections during that period. AS 33.20.040(a). However, AS 33.-16.240(f) provides that a prisoner does not receive credit for the time "the parolee was at liberty on parole."[1] We do not view these statutes as being in conflict, nor do we agree that the principle that parole is "in legal effect imprisonment" for some purposes extends to requiring credit for time spent on parole which is not completed successfully. *Anderson v. Corall*, 263 U.S. 193, 196, 44 S.Ct. 43, 44, 68 L.Ed. 247 (1923); *cf. Paul v. State*, 560 P.2d 754, 757–58 (Alaska 1977) (no requirement of credit for unsuccessful probationary period). A parolee may be considered "in custody" for some reasons yet not be entitled to credit against his sentence. *Segarra v. State*, 430 So.2d 408, 410–11 (Miss.1983). For example, a parolee is "in custody" to the extent required to establish standing to file a petition for a writ of *habeas corpus*. *Id.* at 410 (citing *Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285

---

1. Although AS 33.16.240(f) and AS 33.20.040(a) were not in effect when Dulier was sentenced in 1972, similar statutes had the same operative effect. Former AS 33.15.200 provided that "the time the prisoner was at liberty on parole does not diminish the time he was sentenced to serve," and former AS 33.15.190 provided that a parolee "remains in the legal custody of the [parole] board." Thus, it makes no difference which set of statutes we consider in deciding this issue. *Cf. Elstad v. State*, 599 P.2d 137, 140 (Alaska 1979). In any case, Dulier conceded the applicability of the current statutes in the trial court.

(1963)). We accordingly find AS 33.20.-040(a) and AS 33.16.240(f) to be consistent with one another, particularly in light of the principle that conflicting provisions of parole statutes should be reconciled wherever possible. *Morton v. Hammond*, 604 P.2d 1, 3 n. 5 (Alaska 1979). We believe that a sensible, common sense reading of these provisions indicates that a prisoner who remains "in custody" for the purpose of maintaining the parole board's jurisdiction over him may still be deemed "at liberty" for denying credit under AS 33.16.-240(f). *Belarde v. Anchorage*, 634 P.2d 567, 568 (Alaska App.1981): *See, e.g., State v. Merry*, 784 P.2d 253, 256 (Alaska App.1989) (successfully completed parole not counted toward computing offender's parole eligibility when unsuspended portion of sentence was reimposed after probation violation).

Dulier also relies on our decision in *Hester v. State*, 777 P.2d 217 (Alaska App. 1989), for the proposition that he was effectively "in custody" while on parole. In *Hester*, we held that a probation condition which required confinement at a residential alcohol treatment facility was "the functional equivalent of imprisonment." *Id.* at 219; *see also Lock v. State*, 609 P.2d 539 (Alaska 1980); *Nygren v. State*, 658 P.2d 141 (Alaska App.1983). Dulier did not raise this issue in the trial court, however, and the record therefore does not indicate whether Dulier was subject to any conditions of parole which were "the functional equivalent of imprisonment;" we accordingly do not address this argument.

The judgment of the superior court is AFFIRMED.[2]

---

2. Dulier also contends that the Department of Corrections has improperly denied him good time credit for work performed in prison industries. Dulier did not raise this issue in the superior court, however, and we decline to address it for the first time on appeal.