**Michael DODGE, Appellant,**

v.

**MUNICIPALITY OF ANCHORAGE, Appellee.**

**No. A–4904.**

Court of Appeals of Alaska.

July 8, 1994.

---

Brent Cole, Brena, McLaughlin & Cole, P.C., Anchorage, for appellant.

Tracy Gellert, Asst. Mun. Prosecutor, and Richard L. McVeigh, Mun. Atty., Anchorage, for appellee.

Before COATS and MANNHEIMER, JJ., and WOLVERTON, District Court Judge.*

## OPINION

COATS, Judge.

Michael Dodge was convicted of driving while intoxicated (DWI)[1] and sentenced to serve one year in prison and pay a fine of $5000. The sentencing court revoked Dodge's driver's license for the rest of his life. The original judgment against Dodge contains no order that Dodge be screened for alcohol treatment or participate in a treatment program.

Dodge moved for correction of his sentence, arguing that the sentence was illegal because it contained no requirement of alcohol screening or treatment.[2] In response to Dodge's motion District Court Judge Stephanie Rhoades issued an order amending the judgment as follows:

> The court hereby imposes the condition that the defendant complete treatment recommended by alcohol screening which may include up to 90 days required aftercare in addition to any jail time ordered. The defendant shall report to the Alcohol Safety Action Program within five days of his release from jail. The defendant shall not be released to serve any part of his sentence in a treatment facility for the strong reasons of deterrence, community condemnation and reaffirmation of societal norms expressed on the record at sentencing in this case. This condition will be enforced through the court's contempt powers. All

---

* Sitting by assignment made under article IV, section 16 of the Alaska Constitution.

1. Anchorage Municipal Code (AMC) § 09.28.020.

2. In support of his motion, Dodge cited AMC § 09.28.020C.4, which provides that a court sentencing a person for DWI shall order the person to undertake that program of alcohol education or rehabilitation that the court finds appropriate; and AMC § 09.28.020G, which directs the sentencing court to order the defendant to satisfy the screening and program requirements of an authorized alcohol screening agency.

other terms of the sentence remain the same.

Dodge appeals the judgment as amended. He argues that the amended judgment was issued in violation of his constitutional right against double jeopardy, and that the sentence imposed exceeds the maximum allowable sentence for DWI. He also challenges the original terms of the sentence on several grounds.

■ We agree with Dodge that if Judge Rhoades' amended sentence is interpreted to authorize Dodge's placement in a residential treatment facility, the sentence violates Dodge's double jeopardy rights. Custodial confinement in a residential alcohol treatment program is the functional equivalent of jail time and therefore constitutes a sentence of imprisonment. *Lock v. State*, 609 P.2d 539 (Alaska 1980); *Hester v. State*, 777 P.2d 217 (Alaska App.1989). Having once imposed sentence, Judge Rhoades could not later increase that sentence by requiring Dodge to undergo additional residential treatment. *Sonnier v. State*, 483 P.2d 1003 (Alaska 1971); *Hester*, 777 P.2d at 219. Upon remand the district court shall strike that portion of the amended judgment requiring Dodge to participate in residential alcohol treatment.

■ Dodge challenges his sentence of one year to serve on the ground that the court erred in finding him to be a "worst offender" for DWI offenses. Generally, the maximum sentence should not be imposed "without some foundation for characterizing a defendant as the worst type of offender." *State v. Wortham*, 537 P.2d 1117, 1120 (Alaska 1975). A worst offender finding may be based on the defendant's background, the seriousness of the current offense, or both. *Collins v. State*, 778 P.2d 1171, 1175 (Alaska App.1989). In this case Judge Rhoades found Dodge to be a worst offender based on his record of convictions for DWI and related offenses.

■ Dodge's criminal record is sufficient to support the trial judge's finding that he is a worst offender. Dodge has four prior convictions for DWI, one in 1973, two in 1976 and one in 1977. In 1984 Dodge was convicted of manslaughter as a result of having crashed an airplane that he was operating while intoxicated. The crash killed Dodge's passenger. Notwithstanding Dodge's nine years without a criminal conviction following the manslaughter, the court's finding that he is a worst offender for DWI-type offenses is not clearly mistaken.

■ Dodge also argues that the imposition of a $5000 fine without an inquiry into his ability to pay it was illegal. Dodge concedes that no provision of the Anchorage Municipal Code requires the sentencing court to inquire into the defendant's financial resources before imposing a fine. He asks us to apply AS 12.55.035(a) to this case. According to Dodge, that statute provides in part:

In determining the amount and method of payment of a fine, the court shall take into account the financial resources of the defendant and the nature of the burden its payment will impose.

What Dodge overlooks is that the legislature amended AS 12.55.035 in 1992, deleting the language upon which Dodge relies. This amendment took effect on September 14, 1992, well before Dodge committed the present offense. The law in effect at the time of Dodge's sentencing imposed no duty upon the court to inquire into Dodge's ability to pay the fine imposed. We note that Dodge never objected in the trial court that he did not have the ability to pay the fine.

■ Dodge contests the lifetime revocation of his driver's license on several grounds. He contends that the ordinance and statute authorizing the court to revoke a driver's license upon conviction for DWI do not authorize lifetime revocations. Anchorage Municipal Code § 09.28.020C.4 provides that when a defendant is convicted for DWI for driving a vehicle for which a driver's license is required, "the person's driver's license shall be revoked in accordance with AS 28.15.181." Alaska Statute 28.15.181(c) directs a court convicting a person of DWI to revoke the person's driver's license, privilege to drive or privilege to obtain a license. The statute sets forth mandatory minimum periods for the license revocation, but specifies no cap on the permissible revocation period:

A court convicting a person of an offense described in (a)(5) or (8) of this section arising out of the operation of a motor vehicle, commercial motor vehicle, or aircraft shall revoke that person's driver's license, privilege to drive, or privilege to obtain a license. The revocation may be concurrent with or consecutive to an administrative revocation under AS 28.15.165. The court may not, except as provided in AS 28.15.201, grant limited license privileges during the minimum period of revocation. The minimum periods of revocation are:

(1) not less than 90 days if the person has not been previously convicted;

(2) not less than one year if the person has been previously convicted once;

(3) not less than 3 years if the person has been previously convicted twice;

(4) not less than 5 years if the person has been previously convicted more than twice.

■ The plain language of AS 28.15.181(c) appears to authorize the sentencing court to revoke the defendant's driver's license for any period not less than the applicable mandatory minimum period. When a statute's meaning appears clear from its plain language, the party asserting a different meaning bears the burden of demonstrating contrary legislative intent. *Stephan v. State,* 810 P.2d 564, 566 (Alaska App.1991); *Helton v. State,* 778 P.2d 1156, 1158–59 (Alaska App. 1989). Dodge has not cited to any authority which would lead us to question the apparent plain meaning of the ordinance. Our independent research has not led us to a different conclusion. We accordingly conclude that the ordinance authorizes a court to revoke a driver's license for any period of years, including a lifetime revocation.

■ Dodge argues that if interpreted to allow lifetime license revocations, AS 28.15.-181 is unconstitutionally vague. As we have previously stated, the language of the statute seems clear. We do not find the statute vague.

■ Finally, Dodge argues that the lifetime revocation is excessive, and so disproportionate to his offense as to be cruel and unusual punishment. We agree with Dodge that a court should impose a lifetime revocation of a driver's license only in extreme cases when the court concludes that such a revocation is required to protect the public. However, as we have already noted, Dodge has a twenty-year history of repeated offenses involving the operation of motor vehicles while intoxicated. Dodge caused a person's death during one of these offenses. The present DWI was very serious and involved a traffic accident, a blood-alcohol content of more than twice the legal limit, and the endangerment of numerous people, including Dodge's fifteen-year-old passenger. Having reviewed the entire record, we conclude that the lifetime driver's license revocation is neither clearly mistaken[3] nor so disproportionate to Dodge's offense as to be completely arbitrary and shocking to the sense of justice.[4]

The provisions of the judgment imposing a sentence of one year to serve, a fine of $5000, and a lifetime driver's license revocation are AFFIRMED. The case is REMANDED for the excision of the portion of the court's order requiring Dodge to spend time in residential treatment.

---

**3.** *McClain v. State,* 519 P.2d 811 (Alaska 1974).

**4.** *Green v. State,* 390 P.2d 433, 435 (Alaska 1964); *Burnor v. State,* 829 P.2d 837, 840 (Alaska App. 1992).