**Charles W. WILLIAMS, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–5857.

Court of Appeals of Alaska.

Sept. 13, 1996.

See also, 859 P.2d 720.

Charles W. Williams, Palmer, pro se.

John A. Scukanec, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

### OPINION

BRYNER, Chief Judge.

Charles W. Williams was convicted in 1992 of one count of sexual assault in the first degree. Superior Court Judge Larry R. Weeks sentenced Williams to a term of twenty years with twelve years suspended. Williams appealed his sentence to this court, claiming that it was excessive, and we affirmed. *Williams v. State*, 859 P.2d 720 (Alaska App.1993).

In 1995, Williams filed an application for post-conviction relief in the superior court, challenging as illegal a provision of his judgment of conviction that required Williams to "participate in and complete any sex offender treatment program offered in prison." Williams later supplemented his application, challenging as unconstitutionally vague the statute under which this requirement was imposed; he also challenged the validity of a condition of probation requiring him, upon

request of his probation officer, to "reside in a Community Residential Center approved by the Department of Corrections for a period of time not to exceed one year."

Judge Weeks denied Williams' application. Williams appeals, renewing here the claims he asserted below. We affirm.

■ In ordering Williams to "participate in and complete any sex offender treatment program offered in prison," Judge Weeks relied on AS 12.55.015(a)(10), which authorizes sentencing judges to "order the defendant, while incarcerated, to participate in or comply with the treatment plan of a rehabilitation program that is related to the defendant's offense or the defendant's rehabilitation if the program is made available to the defendant by the Department of Corrections [DOC]." Williams points out that the wording used by Judge Weeks, which requires Williams to participate in and "complete" a treatment program, differs from the wording of the statute, which only empowers the court to order an offender to participate in and "comply with" a treatment program. Williams maintains that, in requiring him to "complete" treatment, Judge Weeks exceeded the authority conferred to sentencing courts by AS 12.55.015(a)(10).

As a practical matter, we see little difference between the wording of AS 12.55.015(a)(10) and the wording used by Judge Weeks in Williams' judgment.[1] Nevertheless, in the interest of utmost clarity, and in order to avoid even a remote possibility of misunderstanding in the enforcement of Williams' judgment, we hold that the order requiring Williams to "complete" a program of treatment must be interpreted as being synonymous with the statutory wording authorizing the court to require Williams to "comply with" his treatment plan. So con-

strued, the wording of the judgment is not at odds with AS 12.55.015(a)(10).

■ Williams separately contends, however, that AS 12.55.015 is itself unconstitutionally vague; he professes to be uncertain as to the meaning of the words "participate in or comply with." Williams complains that

the term *participate in* gives no notice or information as to what constitutes participation i.e.; one day, one week, 2 hours daily or what? The same lack of definiteness and notice applies to the ambiguous term *or comply with* [;] what constitutes compliance? Ambiguously if a defendant does not *participate in* then he/she can obey with a second choice of *or comply with*.

Williams' complaint is groundless. In authorizing orders requiring incarcerated defendants "to participate in or comply with" the treatment plans of DOC rehabilitation programs, AS 12.55.015(a)(10) plainly empowers courts to order participation, compliance, or both; Williams' judgment expressly requires both. Williams cannot plausibly claim confusion as to whether he has a choice between participation or compliance.

■ Nor can Williams plausibly claim confusion as to the meanings of the statutory words "participate in" and "comply with." A statute fails to provide adequate notice only "when it is so imprecise that ordinary persons of common intelligence are left to guess at its meaning and are apt to differ as to its scope." *Konrad v. State,* 763 P.2d 1369, 1379 (Alaska App.1988). Mathematical precision is unnecessary to satisfy the requirement of fair notice; some imprecision in definitions is unavoidable. *Panther v. State,* 780 P.2d 386, 390 (Alaska App.1989). The lack of a bright-line test will not render a statute unconstitutionally vague if, "[a]lthough difficult to de-

---

1. The problem posed by the different wording seems more semantic than real. To the extent that any treatment plan offered Williams by DOC contemplated his eventual completion of a rehabilitation program, completion of the program would be subsumed within the requirement of compliance. And if a treatment plan called for Williams' participation in an ongoing program that had no mandatory goals to be completed or that allowed Williams to obtain approval to ter-

minate treatment at some point short of the ultimate treatment goal, Williams' compliance with the requirements of the plan—that is, his continued participation while the program remained available and until termination of treatment was approved—would be tantamount to completion, thereby satisfying the requirement that Williams "complete" a program of treatment.

fine concretely, the statutory requirement ... is readily comprehensible." *Id.* at 391.[2]

In the present case, the statutory words "participate in" and "comply with" must be interpreted in light of AS 12.55.015(a)(10) as a whole. In our view, the statutory language as a whole reasonably fixes the parameters defining participation and compliance. Under AS 12.55.015(a)(10), the precise level of compliance and participation required in a given case must be determined by reference to the "treatment plan" adopted by the "rehabilitation program" to which the defendant is assigned: whatever the treatment plan requires, the defendant must do. As to duration, the defendant may be required to continue participating and complying "while incarcerated," that is, throughout the entire term of incarceration (provided, of course, that the treatment plan calls for continued participation). But the defendant is obligated to comply and participate only "if the program is made available" by DOC. And the program must be "related to the defendant's offense or to the defendant's rehabilitation."

Williams' participation and compliance must be measured by these parameters. At this juncture, we have been given no reason to believe that either DOC or the superior court would be inclined to apply a different standard. Since "the statutory requirement ... is readily comprehensible," *Panther*, 780 P.2d at 391, we find no vagueness problem.

■ Williams lastly challenges a probation condition that will require him, upon his eventual release on probation and if requested by his probation officer, to "reside in a Community Residential Center approved by the Department of Corrections for a period of time not to exceed one year." Judge Weeks evidently imposed this condition under the authority stated in AS 12.55.100(a)(5), which states that, while on probation, a defendant may be required "to participate in or comply with the treatment plan of an inpatient or outpatient rehabilitation program specified by either the court or the defendant's probation officer that is related to the defendant's offense or to the defendant's rehabilitation."

Williams cursorily asserts that one year's residency in a Community Residential Center [CRC] is unrelated to any inpatient or outpatient rehabilitation program, and so does not comply with the requirements of AS 12.55.100(a)(5). The record is devoid of any support for this contention. If Williams' eventual CRC placement is governed by a treatment plan related to his offense or rehabilitation—and Williams has failed to show that it will not be—we see no reason to conclude that the placement would fall outside the authority of AS 12.55.100(a)(5).

■ Williams also maintains that the disputed probation condition impermissibly delegates the superior court's sentencing authority to his probation officer and constitutes an impermissible increase in his originally imposed sentence. Williams relies principally on *Hester v. State*, 777 P.2d 217, 219 (Alaska App.1989).

But Williams' case differs markedly from Hester's. In *Hester*, the sentencing statute at issue—former AS 28.35.030(c)—permitted the sentencing court to order a defendant's participation in treatment, but only in a program selected by the court, and for a term fixed by the court. The sentencing court failed to designate a specific program for Hester or to fix a term of treatment; instead, it simply ordered Hester to "enroll in and satisfactorily complete a program to be designated by the Kodiak Alcohol Safety Action Program." Hester was eventually directed to enroll in a thirty-day residential treatment program that was the functional equivalent of incarceration.

---

2. As this court noted in *De Nardo v. State*, 819 P.2d 903, 908 (Alaska App.1991):

[t]he fact that people can, in good faith, litigate the meaning of a statute does not necessarily (or even usually) mean that the statute is so indefinite as to be unconstitutional. The question is whether the statute's meaning is unresolvably confused or ambiguous *after* it has been subjected to legal analysis. If study of the statute's wording, examination of its legislative history, and reference to other relevant statutes and case law makes the statute's meaning clear, then the statute is constitutional.

(emphasis in original).

We concluded in *Hester* that the disputed treatment order amounted to an unauthorized delegation of the court's sentencing powers. In addition, because Hester's original sentencing order did not specifically require him to spend any time in residential treatment, we concluded that the subsequent directive requiring him to undergo thirty days of residential treatment resulted in an impermissible increase in the originally imposed sentence. *Hester,* 777 P.2d at 218–19.

By contrast, the sentencing statute at issue in Williams' case—AS 12.55.100(a)(5)—expressly authorizes the sentencing court to delegate to the defendant's probation officer the responsibility of specifying a treatment program. Hence, no impermissible delegation occurred here. Moreover, the disputed condition, requiring Williams to spend up to one year in a CRC placement upon request of his probation officer, was specifically imposed by Judge Weeks as part of the original sentencing order. Should Williams eventually be directed to spend a year in CRC placement, the directive will neither increase nor otherwise alter his originally imposed sentence. Hence, the disputed condition of probation is not, on its face, illegal.

For the foregoing reasons, the order denying Williams' application for post-conviction relief is AFFIRMED.