James M. MANDERSON, Appellant,

v.

STATE of Alaska, Appellee.

No. 6894.

Court of Appeals of Alaska.

Jan. 7, 1983.

Mary E. Greene, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

George F. Schaefer, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Manderson plead guilty to a charge of driving while his operator's license was suspended (DWSOL) in violation of AS 28.15.-291(a). The court sentenced him to ninety

days' imprisonment, fined him $1,000, revoked his driver's license for ten years,[1] revoked his automobile registration for as long as he owns the vehicle he was driving when he was arrested, and placed him on probation for five years. Manderson appeals the sentence asserting that (1) the ninety-day sentence was clearly mistaken; (2) the $1,000 fine is illegal and excessive; (3) the ten-year revocation of his driver's license is illegal and excessive; (4) the revocation of his automobile registration is excessive; and (5) the five-year probation period is meaningless and should be stricken from the judgment.

Manderson was driving his 1967 Dodge GMC very slowly along the Parks Highway on April 22, 1982. A state trooper stopped Manderson and discovered that his driver's license had been revoked until January 12, 1991. He cited Manderson for DWSOL.

Prior to 1982, Manderson had three convictions: Driving While Intoxicated (DWI) (1966), Drinking in Public (1966), and DWI (1978). In January, 1982, Manderson was convicted of DWI and was sentenced to thirty days' imprisonment with twenty suspended. His driver's license was suspended from January 13, 1982 to January 12, 1983. The financial responsibility law extended the suspension period to January 12, 1986 (see AS 28.20.240). Two months later, in March 1982, he was convicted of DWI and DWSOL. He was sentenced to 180 days' imprisonment with 150 suspended for DWI, and ninety days' imprisonment with seventy days suspended for DWSOL. His driver's license was suspended from January 13, 1983 until January 12, 1988. This period was extended to January 12, 1991 by the financial responsibility law (see AS 28.20.-240).[2]

---

1. Manderson's driver's license had previously been revoked until 1991. This ten-year revocation runs consecutive to the previous revocation. Accordingly, the court revoked Manderson's driving privileges until 2001.

2. The record itself does not list Manderson's prior convictions. However, at the hearing the magistrate did refer to the fact that Manderson

had been convicted of DWI and DWSOL during the previous three to four months. The state's memorandum provides the more detailed information concerning the offenses. Manderson has not filed any response disputing this information, so we therefore have assumed that the state's information is accurate.

Manderson was arrested for this DWSOL offense on April 22, 1982, and entered a guilty plea the next day. He admitted driving without a license but explained that he was completely sober at the time and that he was driving slowly due to a recent snowfall. The trial court noted that on two separate occasions during the prior three or four months Manderson had been convicted for DWI and DWSOL. It also noted that Manderson had "received a considerable amount of time" for the convictions but that there had been no positive results. The court then imposed the sentence which is now before this court. We will discuss each of Manderson's contentions separately.

### The Ninety-Day Sentence

■ Manderson notes that ninety days is the maximum sentence which the court may impose for DWSOL (*see* AS 28.35.-230(b)) and that maximum sentences are to be imposed only if the court finds the offender to be the worst type of offender in his class (*see Galaktionoff v. State,* 486 P.2d 919, 924 (Alaska 1971)). We conclude that the ninety-day sentence was not clearly mistaken in light of Manderson's recent driving convictions and the fact that he had most likely been released from incarceration for only a short time at the time of his arrest for this offense.[3]

### The $1,000 Fine

Manderson's challenge to the fine is two-fold. He contends that: (1) it is illegal because it exceeds $500, and (2) it is excessive. He asserts that since AS 28.15.291(a)[4]

does not specify the maximum sentence which may be imposed for a DWSOL conviction, the general penalty provision of AS 28.35.230(b) applies. That provision reads:

> A person convicted of a misdemeanor for a violation of a provision of this title for which another penalty is not specifically provided is punishable *by a fine of not more than $500,* or by imprisonment for not more than 90 days, or by both. In addition, the privilege to drive or the registration of vehicles may be suspended or revoked. [Emphasis added.]

He contends that since AS 28.35.230(b) sets $500 as the maximum fine, the imposition of a $1,000 fine is clearly illegal. The state concedes error on this point and agrees that the maximum permissible fine is $500.

Manderson argues that even a $500 fine would be excessive in this case because he cannot afford to pay it and because he had a prior fine that had not been paid. He notes that the legislature has specifically provided that a court examine one's financial resources and the nature of the burden the payment of the fine will impose. *See* AS 12.55.035(a).[5]

■ Clearly, the $1,000 fine must be reduced to a maximum of $500. AS 28.35.-230(b). It is not clear, however, what would be an appropriate fine and when the fine should be due, because it is unclear from the seven-page sentencing transcript whether the magistrate examined Manderson's financial situation to determine his ability to pay the fine as required by AS

---

**3.** Assuming that the state's memorandum is correct, Manderson was sentenced to 180 days in jail with 150 suspended on March 28, 1982. Even if he had served the entire thirty days by March 28, he would have been out a mere twenty-five days before his arrest.

**4.** AS 28.15.291(a) provides in relevant part:

Upon conviction of a violation of this section, the court shall impose a minimum sentence of imprisonment of not less than 10 days. The execution of sentence may not be suspended nor may probation or parole be granted until the minimum imprisonment provided in this section has been served; nor may imposition of sentence be suspended, except

upon the condition that the defendant be imprisoned for no less than the minimum period provided for in this section. In addition, his license or privilege to drive shall be revoked, and he may not be issued a new license nor may his privilege to drive be restored for an additional period of one year after the date that he would have been entitled to restoration of his driving privileges.

**5.** AS 12.55.035(a) provides in relevant part:

In determining the amount and method of payment of a fine, the court shall take into account the financial resources of the defendant and the nature of the burden its payment will impose.

12.55.035(a).[6] Upon remand the court should address the provisions of AS 12.55.-035(a) in imposing any fine.

### The Revocation of Driver's License

AS 28.15.291(a), which defines the crime of DWSOL, provides in part:

> In addition, [the offender's] license or privilege to drive shall be revoked, and he may not be issued a new license nor may his privilege to drive be restored for an additional period of one year after the date that he would have been entitled to restoration of his driving privileges.

Manderson contends that this language limits the revocation of one's driver's license to one year, which is to run consecutive to any prior suspensions and revocations. He asserts that AS 28.15.291(a) is *in pari materia* with AS 28.15.181 because both provisions were enacted in the same section of the same bill. (*See* Ch. 178, § 19, SLA 1978.) AS 28.15.181(a) lists seven offenses other than DWSOL which call for the immediate suspension or revocation of one's driver's license[7] and that AS 28.15.181(b)–(c) provides that the offender's license shall be revoked for a period of "not less than 30 days" for a first conviction, "not less than one year" for a second conviction, and "not less than three years" for a third or subsequent conviction. Manderson maintains that had the legislature intended to allow revocations in excess of one year for DWSOL, it would have expressly stated "not less than an additional year."

The state answers that the one-year revocation is a minimum and thus the maximum revocation period is governed by AS 28.35.-230(b), which places no limitation upon the period of revocation. Specifically, it cites the following language from AS 28.35.-230(b): "In addition, the privilege to drive or the registration of vehicles may be suspended or revoked."

Manderson replies that AS 28.35.230(b) does not apply because AS 28.15.291(a) specifically provides for a one-year penalty. Moreover, the specific language of AS 28.-35.230(a) should control over the general language of AS 28.35.230(b). He also argues that where a penal statute is capable of two or more reasonable constructions, the least harsh interpretation should be followed, citing *Bell v. United States,* 349 U.S. 81, 83, 75 S.Ct. 620, 622, 99 L.Ed. 905, 910 (1955). Since both his interpretation and the state's interpretation of AS 28.15.291(a) could be considered reasonable, he submits that his should prevail as it is the least harsh.

■ The language of AS 28.15.291(a) concerning revocation is somewhat ambiguous, particularly when compared to its language concerning imprisonment, which is quite clear—one convicted of DWSOL must serve a minimum of ten days in jail. Had the legislature intended the one-year revocation to be a minimum it probably would have so specified. Since the provision is ambiguous and both the state's and Manderson's interpretations are arguably reasonable, we agree that the one-year limitation should prevail under the *Bell* "rule of lenity." Upon remand the revocation period should be reduced to one year.

### The Revocation of Automobile Registration

Manderson submits that the revocation of his registration for so long as he owns the truck is excessive in that the revocation continues past the time when he will be able to obtain a driver's license. The state counters that the revocation is necessary to

---

**6.** The court merely asked Manderson whether he could pay the $1,000 fine and Manderson replied, "No sir."

**7.** The seven enumerated offenses are: (1) manslaughter or negligent homicide resulting from the driving of a motor vehicle; (2) using a motor vehicle in the commission of a felony; (3) failure to stop and give aid when a motor

vehicle accident results in the death or personal injury of another; (4) perjury or the making of a false affidavit or statement under oath to the department of motor vehicles; (5) driving or operating a vehicle while under the influence of alcohol or another drug; (6) reckless driving; and (7) using a motor vehicle in unlawful flight to avoid arrest.

ensure that Manderson does not drive the same vehicle before 2001.

 We conclude that the revocation of Manderson's vehicle registration should not continue beyond the time that he is unable to drive. Upon remand, this condition should be modified to read that Manderson's vehicle registration is revoked for as long as he owns the truck or until such time as Manderson receives a valid operator's license, whichever time is shorter.

### Probation

 Manderson contends that since the trial court did not suspend any portion of his jail term, the five-year probationary period is meaningless and should be stricken from the judgment. The state concedes error, noting that if Manderson were to violate the terms of probation, a further sentence of imprisonment would violate double jeopardy. *See Franzen v. State,* 573 P.2d 55, 57 n. 7 (Alaska 1978). Upon remand, the court can impose a probationary period only if some portion of Manderson's sentence or fine is suspended. Otherwise the probationary period should be stricken.

### Conclusion

Manderson's ninety-day jail term is affirmed. That portion of the judgment revoking his driver's license for ten years should be modified to reflect a one-year revocation; that portion of the judgment revoking his automobile registration should be modified to reflect that it is revoked for as long as he owns the truck or until he receives a valid operator's license, whichever period is shorter. The modified portion of the judgment revoking his registration should be designated as part of the sentence imposed. That portion placing Manderson on probation should be stricken or else some portion of his sentence should be suspended. Finally, the case is remanded for the imposition of a fine not to exceed $500. The magistrate should consider Manderson's financial situation in determining an appropriate fine in accordance with AS 12.55.035(a).

The sentence is AFFIRMED in part, VACATED in part, and REMANDED.