**Pearl LOMINAC, Appellant,**

v.

**MUNICIPALITY OF ANCHORAGE,**
Appellee.

**No. 5960.**

Court of Appeals of Alaska.

Feb. 18, 1983.

Michael L. Wolverton, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

David G. Berry, Asst. Municipal Prosecutor, Allen M. Bailey, Municipal Prosecutor, and Theodore D. Berns, Municipal Atty., Anchorage, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

In this appeal, we are faced with the question whether a court may properly revoke probation and impose a sentence of imprisonment when a defendant who is given a suspended imposition of sentence on condition that she make restitution payments violates the restitution requirement because of financial inability to pay.

Pearl Lominac was convicted of assault and battery on August 14, 1980. District Court Judge John Mason suspended the imposition of Lominac's sentence and placed her on informal probation. As a condition of probation, Judge Mason required Lominac to make ten monthly restitution payments of $150 each to the victim of her assault. Thereafter, the prosecutor's office of the Municipality of Anchorage filed a petition to revoke Lominac's probation, alleging that she had failed to make any restitution payments. A hearing on the petition was held before Judge Mason on March 31, 1981.

At the hearing on the motion to revoke probation, Lominac admitted that she had paid no restitution. She explained that she was injured in a car accident in October, 1980, and had been unemployed since the sentence was imposed. She said she left Alaska in November to visit her daughter, who was seriously ill. Lominac had no source of income and had been relying on friends and family to provide her living expenses and the cost of her out-of-state travel. Lominac stated that she planned to take an entrance examination for a job-training program offered by the Cook Inlet Native Association. She was hoping to pass the examination, obtain training and get a part-time job that would enable her to pay restitution. Lominac also testified that she received no social security, had no bank account, car, assets or property which could

be liquidated to meet restitution payments imposed by the court. Lominac's counsel asked the court to leave the suspended imposition of sentence and the restitution order intact, and to evaluate Lominac's compliance with the restitution order at the conclusion of her probationary term.

In the course of the hearing, Judge Mason determined that Lominac's failure to pay restitution was not willful. He stated that the prosecution had failed to show Lominac had the financial ability or the assets to enable her to pay restitution. However, the judge concluded:

> My ruling is—is where the initial sentence is suspended imposition I don't think it would cover if she was initially sentenced on like thirty days suspended. But where it's initially—or no sentence is imposed in the beginning and a clear plan of restitution and there's no effort or no success in that regard, no payment at all and the defendant leaves the state in the meantime and, does not contact the court, that's grounds to impose a sentence.

Judge Mason revoked probation and imposed a sentence of thirty days in jail, with twenty-five days suspended.[1] In addition, he imposed a requirement that Lominac pay $1500 restitution within six months.

Lominac appeals Judge Mason's ruling, contending that revocation of probation and imposition of sentence was unjustified in light of the court's finding that her failure to pay restitution was not willful. Although both Lominac and the municipality have based their arguments on appeal primarily on constitutional grounds, we believe that disposition of the issue presented is controlled by provisions of the Alaska Statutes.

Of direct relevance to the present case is AS 12.55.051(a), which states:

*Enforcement of Fines and Restitution.*

(a) If the defendant defaults in the payment of a fine or any installment or of restitution or any installment, the court may order the defendant to show cause why he should not be sentenced to imprisonment for nonpayment. If the court finds by a preponderance of the evidence that the default was attributable to an intentional refusal or failure to make a good faith effort to pay the fine or restitution, the court may order the defendant imprisoned until the order of the court is satisfied. A term of imprisonment imposed under this section may not exceed one day for each $50 of the unpaid portion of the fine or restitution or one year, whichever is shorter. Credit shall be given toward satisfaction of the order of the court for every day a person is incarcerated for nonpayment of a fine or restitution.

Prior to making his decision to revoke Lominac's probation, Judge Mason indicated his awareness of AS 12.55.051, and he acknowledged that, because Lominac's failure to pay restitution was unintentional, the statute precluded him from directly ordering her incarceration for failing to make restitution as required.

However, the judge distinguished between directly imposing a sentence of imprisonment for failing to pay restitution and revoking probation and imposing a sentence based upon a finding that failure to pay restitution violated a condition of probation.[2] Judge Mason found that AS 12.-

---

1. The municipality does not contend that Lominac was ever placed under any requirement to remain in the State of Alaska or to report to the court in the event she left the state. To the extent that Judge Mason's remarks indicate that Lominac's probation might have been revoked in whole or in part for leaving the state without contacting the court, the revocation would plainly not be based upon a violation of any specific condition of probation and would therefore be improper. *See Holton v. State,* 602 P.2d 1228, 1238–39 (Alaska 1979). Our disposition of the case makes it unnecessary

for us to speculate as to the degree of Judge Mason's reliance on this fact.

2. In this regard, Judge Mason stated:

> The other question in my mind is ... can I now terminate this suspended imposition of sentence and impose sentence for not complying with the condition. Is there any difference between that and directly ordering imprisonment on the restitution? The whole purpose of the sentence imposed ... was that she would make restitution.

55.051 was not applicable to those situations where restitution is ordered as a condition of probation. We disagree.

Under Alaska law, it is permissible for a sentencing court to require payment of restitution either directly, as part of the sentence imposed, or indirectly, as a condition of probation in cases involving suspended execution or suspended imposition of a sentence. *See* AS 12.55.045 and AS 12.55.100(a)(2). Nothing in the language of AS 12.55.051 suggests that its application is restricted to those cases where fines or restitution orders are imposed directly, as part of the sentence, instead of indirectly, as a condition of probation. Nor has the municipality called our attention to any legislative history indicating that this statute was meant to be restricted in the scope of its operation. We believe that AS 12.55.051(a) prescribes a specific method for dealing with enforcement of court orders requiring the payment of fines or restitution, regardless of whether such orders are directly imposed as part of the original sentence, under AS 12.55.045, or indirectly imposed as a condition of probation, under AS 12.55.-100.

Since AS 12.55.051 expressly provides that imprisonment for failure to pay court-ordered restitution is permissible only if the failure to pay was intentional or the result of bad faith, and since Judge Mason expressly determined that Lominac's failure to pay was not intentional, we hold that the order revoking probation and imposing sentence must be vacated, and that the order suspending imposition of Lominac's sentence be reinstated.[3]

REVERSED and REMANDED.

3. In reaching our disposition, we express no view on the difficult question whether, in the absence of a controlling statute, an intentional violation of a condition of probation must be found before an order revoking probation and imposing a jail sentence may properly be entered. *Compare Genet v. United States,* 375

F.2d 960 (10th Cir.1967), and *Trumbly v. State,* 515 P.2d 707, 710 (Alaska 1973), *with Wood v. Georgia,* 450 U.S. 261, 284–87, 101 S.Ct. 1097, 1110–11, 67 L.Ed.2d 220, 238–40 (1981) (White, J., dissenting), and *Hood v. Smedley,* 498 P.2d 120 (Alaska 1972).