Cynthia KELLY, Appellant,

v.

STATE of Alaska, Appellee.

No. A–4260.

Court of Appeals of Alaska.

Dec. 4, 1992.

Geoffry B. Wildridge, Asst. Public Defender, Fairbanks, and John B. Salemi, Public Defender, Anchorage, for appellant.

Karla Taylor–Welch, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

COATS, Judge.

Cynthia D. Kelly was convicted of criminal mischief in the second degree. AS 11.-46.482(a)(4). Superior Court Judge Mary E. Greene originally sentenced Kelly to serve a sentence of two years with all but 100 days suspended. Judge Greene placed Kelly on probation for a period of four years following her release from confinement. As a special condition of probation, Judge Greene ordered Kelly to pay restitution in the amount of $1,597.80 to P.W., and $327.00 to Blackie's Bar.

While Kelly was serving her probation, Kelly's probation officer filed a petition to revoke her probation. Kelly admitted the allegations in the petition. Judge Greene found that there were grounds to modify the original judgment and order of probation, and ordered Kelly to serve all the unserved time remaining on her original sentence. Judge Greene further ordered "that all conditions contained in the original judgment and order filed are hereby continued unless they are expressly contrary to the modification herein."

Following Kelly's release from confinement on her probation revocation, the superior court attempted to enforce the restitution order. Kelly contended that since the court's restitution order was imposed as a condition of probation and she was no longer on probation, the court had no jurisdiction to order the payment of restitution.

After the parties had briefed this issue, the court concluded "that where, as here, the defendant's obligations are ordered to continue at [the] time of revocation, the court may continue to enforce the restitution order as an independent obligation of the sentence rather than as a probation condition."

Under Alaska law, it is permissible for a sentencing court to require payment of restitution either directly, as part of the sentence imposed, or indirectly, as a condition of probation in cases involving suspended execution or suspended imposition of sentence. *See* AS 12.55.045 and AS 12.55.100(a)(2).

*Lominac v. Municipality of Anchorage,* 658 P.2d 792, 794 (Alaska App.1983). Alaska Statute 12.55.045(a) authorizes the court to "order a defendant convicted of an offense to make restitution ... [.]" Alaska Statute 12.55.100(a) provides: "While on probation and among the conditions of probation, the defendant may be required ... (2) to make restitution ... [.]" Therefore, under AS 12.55.045, Judge Greene had authority to order Kelly to pay restitution as an independent provision of Kelly's sentence at the time she originally imposed sentence, in addition to making restitution a condition of Kelly's probation. However, Judge Greene did not do this. She ordered Kelly to pay restitution only as a special condition of probation under AS 12.55.100.

When a court sentences a defendant to serve a probationary period, the court must suspend a portion of the sentence or else the probationary term is meaningless. *Manderson v. State,* 655 P.2d 1320, 1324 (Alaska App.1983). The court suspends a certain portion of the sentence which is then available to the court to enforce the conditions of probation. This procedure puts a defendant on notice that if she violates the conditions of probation, she faces at a maximum the penalty which the court has suspended. In the instant case, Kelly violated her probation and the court imposed all of the time it suspended. By doing this the court imposed the maximum sentence which it could impose for a violation of probation.

**614**

This terminated Kelly's probation. *Id.* Revocation of Kelly's probation in its entirety necessarily extinguished all duties Kelly had that were conditioned exclusively on her probationary status. Because Judge Greene had not imposed restitution as an independent portion of the sentence under AS 12.55.045, she could not terminate Kelly's probation and still order her to pay restitution without violating the constitutional protection against double jeopardy which mandates that "once a sentence has been meaningfully imposed, it may not, at a later time, be increased." *Sonnier v. State,* 483 P.2d 1003, 1005 (Alaska 1971). *See also Shagloak v. State,* 582 P.2d 1034, 1037 (Alaska 1978). If Judge Greene wished to order Kelly to pay restitution independent of her conditions of probation, this had to be done at the time she originally imposed sentence. We accordingly reverse Judge Greene's order which required Kelly to pay restitution.[1]

REVERSED.

---

**1.** We see no reason why a court cannot order restitution both as a condition of probation and as an independent provision of the sentence as long as the court does this at the original sentencing hearing.