Henry REYES, Appellant,

v.

STATE of Alaska, Appellee.

No. A–6353.

Court of Appeals of Alaska.

April 30, 1999.

Susan H. Carse, Bauer & Carse, Anchorage, for Appellant.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, J.

Henry Reyes engaged in acts of sexual penetration and sexual contact with his step-daughter over the course of several years. This sexual abuse resulted in long-term psychological injury to the stepdaughter. Since the disclosure of the sexual abuse, she has been intermittently hospitalized in psychiatric institutions. She is suicidal, she has repeatedly engaged in self-mutilation, and, according to an evaluation performed at the Alaska Psychiatric Institute in mid-June, 1996, her prognosis for recovery is "extremely guarded".

In *Reyes v. State*, Memorandum Opinion No. 3752, 1998 WL 29844 (Alaska App.; January 28, 1998), we affirmed Reyes's three convictions for sexual penetration of his step-daughter (first-degree sexual abuse of a minor [1]), but we ruled that Reyes could not be separately convicted for the acts of sexual contact because, under the State's evidence, it appeared that these acts of sexual contact were simply preparatory to the acts of sexual penetration.[2]

Reyes originally received a composite sentence of 12 years, 9 months' imprisonment for his crimes.[3] On appeal, Reyes contended that this sentence was excessive. Because we decided that Reyes's sexual contact convictions had to be merged with his sexual penetration convictions, we did not decide Reyes's sentence appeal at that time. Instead, we remanded Reyes's case to the superior court for re-sentencing.[4]

Reyes has now been re-sentenced. Superior Court Judge Milton M. Souter sentenced Reyes to the same composite term, and Reyes's case has returned to this court.

---

1.  AS 11.41.434(a)(2).

2.  *See Reyes,* Memorandum Opinion No. 3752, pp. 12–13.

3.  *See id.* at 13–14.

4.  *See id.* at 16–17.

But at the re-sentencing, Judge Souter made two changes to Reyes's sentence. First, Judge Souter added a new condition to Reyes's probation: he ordered Reyes to pay restitution for his victim's psychiatric care. Second, Judge Souter decided to clarify an issue that was purportedly left "ambiguous" in the initial judgement: the judge expressly declared that Reyes's entire prison term was "presumptive". Judge Souter's apparent intention was to clarify that Reyes's eligibility for release on discretionary parole would be restricted throughout the entire 12–year, 9–month term.

Because of these two changes in Reyes's sentence, we are now confronted with two new legal issues (in addition to the alleged excessiveness of Reyes's composite sentence). Reyes argues that each of these changes constitutes an illegal increase in his sentence, a violation of the double jeopardy clauses of the federal and state constitutions.[5]

As explained more fully below, (1) we affirm Reyes's composite sentence of 12 years, 9 months' imprisonment, (2) we vacate the newly-added condition of probation, and (3) we conclude that Judge Souter, even though he labeled the sentence "presumptive", did not actually change Reyes's eligibility for parole.

### Reyes's composite sentence

■■■ In *State v. Andrews*[6], this court established a benchmark sentencing range of 10 and 15 years to serve for offenders who have committed "aggravated" first-degree sexual abuse of a minor. For this purpose, "aggravated" means that the defendant (1) has abused multiple victims, or (2) has engaged in multiple assaults on the same victim, or (3) has inflicted serious injury on one or more victims.[7]

Reyes sexually abused his stepdaughter repeatedly over a number of years. While Reyes did not inflict serious physical injury on her, he inflicted severe psychological injury. This psychological injury has proved both long-term and debilitating. It has rendered the stepdaughter incapable of leading a normal life.

Given the extent of Reyes's crimes and the extent of the injury he inflicted on his victim, we conclude that Reyes's composite term of 12 years, 9 months' imprisonment is not clearly mistaken.[8] We therefore affirm this composite sentence.

### The new condition of probation

As noted above, Judge Souter added a new condition to Reyes's probation: he ordered Reyes to pay restitution in the amount of $47,478.84 to Reyes's former wife (on a payment schedule to be set by Reyes's probation officer). This money is to repay the costs of the victim's psychiatric care.

(At the time of Reyes's initial sentencing, this care was being funded by government assistance programs, and Judge Souter did not order Reyes to reimburse the government for this expense. But by the time of Reyes's re-sentencing, the government assistance had stopped and the burden of paying for this care now fell to Reyes's former wife.)

■■■ One principle of double jeopardy law is that "once a sentence has been meaningfully imposed, it may not, at a later time, be increased."[9] Under the Alaska Constitution, this rule applies to re-sentencings that occur when a defendant, having successfully challenged their conviction, is again convicted following a re-trial or a change of plea. In *Shagloak v. State*[10], our supreme court held that, under such circumstances, the double jeopardy clause of the Alaska Constitution forbids the sentencing court from imposing a

**5.** United States Constitution, Fifth Amendment; Alaska Constitution, Article I, Section 9.

**6.** 707 P.2d 900 (Alaska App.1985), *aff'd*, 723 P.2d 85 (Alaska 1986).

**7.** *See id.*, 707 P.2d at 913.

**8.** *See McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974) (an appellate court is to affirm a

sentencing decision unless the decision is clearly mistaken).

**9.** *Sonnier v. State*, 483 P.2d 1003, 1005 (Alaska 1971).

**10.** 597 P.2d 142 (Alaska 1979).

new sentence more severe than the one the defendant originally received.[11]

Reyes's situation is analogous: he faced re-sentencing because his initial sentence was vacated (after we held that his convictions for sexual contact had to merge with his convictions for sexual penetration). The double jeopardy clause forbade Judge Souter from imposing a more severe sentence than the one Reyes had originally received. The question, then, is whether Judge Souter violated this rule of law when he augmented Reyes's conditions of probation by adding the challenged restitution.

Reyes contends that the addition of this new condition of probation constitutes an illegal increase in his sentence. He relies primarily on *Kelly v. State*[12].

In *Kelly*, the sentencing court originally ordered the defendant to pay restitution as a condition of probation. However, the court later revoked the defendant's probation and sentenced her to serve all of the previously suspended jail time—thus ending her probation.[13] After Kelly had served her sentence, the court tried to enforce the restitution order. We held that, because the restitution had been imposed as a condition of probation, and because Kelly's probation had ended, the restitution order could no longer be enforced as a condition of probation.[14] We further held that, to the extent the sentencing court might have tried to impose restitution as an independent component of Kelly's sentence under AS 12.55.015(a)(5) and AS 12.55.045(a), the addition of this restitution component would constitute an illegal increase in the sentence.[15]

The State responds that *Kelly* was wrongly decided and should be overruled. The State relies on *Monson v. Carver*[16],.which purports to hold that restitution is not "pun-

ishment" for double jeopardy purposes. However, *Monson*'s discussion of this issue is *obiter dictum*. The defendant in *Monson* had been sentenced to an indeterminate prison term for murder; several years later, he was offered parole on the condition that he agree to make restitution.[17] As the Utah court pointed out, the defendant was not entitled to parole release, and he was free to reject parole when it was offered. Thus, the facts of *Monson* did not actually raise a double jeopardy issue.[18]

The State also relies on *United States v. Newman*[19], which rejected an *ex post facto* challenge to a statute requiring sentencing courts to order defendants to pay restitution for their crimes. The *Newman* court held that restitution is not "punishment" for *ex post facto* purposes, and thus the statute could be applied to defendants whose offenses pre-dated the enactment of the statute.[20]

If we assume that "punishment" for *ex post facto* purposes is the same as "punishment" for double jeopardy purposes, then *Newman* may cast doubt on the constitutional underpinning of our decision in *Kelly*. However, we need not resolve this point of law because *Kelly* does not control Reyes's case.

In *Kelly*, the sentencing court attempted to add restitution as an independent component of the defendant's sentence. Reyes's case is different. Judge Souter did not impose restitution as a new independent component of Reyes's sentence. Rather, he added restitution as a condition of Reyes's already-existing probation. *See* AS 12.55.100(a)(2). *Kelly* recognizes that these two types of restitution orders are discrete—that they rest

---

11. *See id.* at 144–45 (rejecting the federal constitutional rule announced in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)).

12. 842 P.2d 612 (Alaska App.1992).

13. *See id.* at 613–14.

14. *See id.* at 614.

15. *See id.*

16. 928 P.2d 1017, 1026–28 (Utah 1996).

17. *See id.* at 1026.

18. *See id.* at 1027–28.

19. 144 F.3d 531, 537–542 (7th Cir.1998).

20. *See id.* at 542.

on separate powers of the sentencing court.[21]

Under *Kelly*, Judge Souter was not authorized to add restitution as a new independent component of Reyes's sentence. But *Kelly* does not answer the question posed here: could Judge Souter add restitution as a new condition of Reyes's probation?

■ This question is difficult because the legislature intended probation to be modifiable. AS 12.55.090(b) declares that the sentencing court "may revoke or modify any condition of probation, or may change the period of probation". It practically goes without saying—although the United States Supreme Court expressly said it in *United States v. DiFrancesco*[22]—that the double jeopardy clause is not violated when a sentencing court revokes a defendant's probation and imposes a previously-suspended prison term. In such circumstances, the defendant's sentence has not been "increased" because, from the beginning, it was understood that the defendant's imprisonment would remain suspended only if the defendant abided by the conditions of probation.

■ *DiFrancesco* held that, for purposes of the federal double jeopardy clause, a criminal sentence does not have the same "finality" as a verdict of acquittal.[23] Thus, while verdicts of acquittal are virtually immune from judicial re-examination, legislatures may grant courts significant power to re-examine criminal sentences—and modify them to the defendant's detriment—without defeating the defendant's "legitimate expectations" of finality.[24] Since the *DiFrancesco* decision, most courts have held (either explicitly or implicitly) that when a defendant challenges a modification of their sentence on double jeopardy grounds, the double jeopar-

dy issue must be resolved by examining the applicable sentencing statutes and deciding whether, from the beginning, the court was authorized to modify the sentence in that way.[25]

As noted above, probation is designed to be modifiable. There is, however, considerable debate regarding the circumstances in which a court is empowered to modify the conditions of probation to a defendant's detriment. Some courts hold that, even though there may be good reason to modify the conditions of probation, the conditions of probation can be made more severe only if the sentencing court finds that the defendant has violated the existing conditions of probation.[26] Other courts hold that a sentencing court can make such modifications to a defendant's probation even in the absence of a probation violation, but the record must demonstrate a significant change of circumstances that provides a reasonable basis for the more severe conditions of probation.[27]

Alaska cases illustrate the poles of this debate. For example, in *O'Shea v. State*[28], we recognized that AS 12.55.090(c) gives a sentencing court the authority to extend a defendant's term of probation (up to the maximum number of years specified in the statute) when the defendant is found to have violated the conditions of probation. Moreover, we held that a defendant's unauthorized absence from probation will toll the running of the probationary term—in effect, extending the term of probation even further.[29] But in *Hester v. State*[30], we held that a court violated the double jeopardy clause by extending the defendant's term of probation by two years when the defendant was re-sen-

---

**21.** *See Kelly*, 842 P.2d at 614 n. 1.

**22.** 449 U.S. 117, 137, 101 S.Ct. 426, 437, 66 L.Ed.2d 328 (1980).

**23.** *See id.*, 449 U.S. at 137, 101 S.Ct. at 438.

**24.** *See id.*, 449 U.S. at 137, 101 S.Ct. at 437.

**25.** See the cases listed in the next two footnotes.

**26.** *See Lippman v. State*, 633 So.2d 1061, 1063–64 (Fla.1994); *Burton v. Superior Court*, 27 Ariz. App. 797, 558 P.2d 992, 994–95 (1977).

**27.** *See Gauntlett v. Kelley*, 849 F.2d 213, 218–19 (6th Cir.1988); *State v. Day*, 147 Vt. 93, 511 A.2d 995, 998–99 (1986); *State v. Sepulveda*, 119 Wis.2d 546, 350 N.W.2d 96, 100–07 (1984); *State v. Wagner*, 410 So.2d 1089, 1090 (La.1982).

**28.** 683 P.2d 286, 288–89 (Alaska App.1984).

**29.** *See id.*

**30.** 797 P.2d 690, 691 (Alaska App.1990).

tenced following a successful sentence appeal.

█ Reading *O'Shea* and *Hester* together, this court has implicitly recognized that a court may modify probation to the defendant's detriment without violating the double jeopardy clause when the applicable statutes authorize the modification—as they do when the court finds that the defendant has violated probation. But, once sentence is meaningfully imposed, a sentencing court does not have the power to alter probation to the defendant's detriment simply because the court comes to believe that a longer probationary term or more onerous conditions of probation would be better.

█ In Reyes's case, it was clear at Reyes's original sentencing that his victim had suffered severe psychological injury and would need extensive care. The court did not order Reyes to make payments toward the cost of this care, apparently because government assistance programs were going to pay for it. This fact did not necessarily bar a restitution order: AS 12.55.045(a) authorizes a sentencing court to order a defendant to pay restitution "to a public . . . organization that has provided or is or will be providing counseling [or] medical . . . services to the victim". But no restitution was requested or ordered.

By the time of Reyes's re-sentencing, the government funding had ceased, and the victim's family was now bearing the cost of her hospitalization and treatment. Because of this, the State now asked that restitution be added to Reyes's conditions of probation.

In *Burton v. Superior Court*[31], the Arizona Court of Appeals addressed a similar case. At the defendant's original sentencing, the State had neglected to seek restitution for the harm caused by the defendant's crime. Months later, the State petitioned the sentencing court to impose restitution as a new condition of the defendant's probation, and the court granted this request. But on appeal, the court of appeals reversed the sentencing court's action:

> [When] sentence is suspended and the defendant is placed on probation on certain specific terms and conditions, those terms and conditions are fixed [barring] an event which constitutes a reasonable basis to change them. . . . [When] additional burdens are [later] imposed on the probationer, such as additional restitution, . . . the record must contain evidence that the probationer violated a condition of probation upon which to place the burden. The new burden is then imposed in lieu of revocation.

*Burton*, 558 P.2d at 995.

Because the basis for the restitution order—the damage inflicted by Burton's crime—had been known at Burton's original sentencing, and because nothing had stopped the government from seeking restitution at that time, the Arizona Court of Appeals ruled that the sentencing court had exceeded its power when it added restitution to Burton's conditions of probation. In other words, the court held that the government's unexplained failure to seek restitution at the original sentencing hearing was not a reasonable basis for imposing restitution later.

We reach a similar conclusion in Reyes's case. The factual basis to support a restitution order was known at the time of Reyes's original sentencing, but the State apparently did not seek restitution—and, in any event, Judge Souter did not order restitution. Restitution was ordered only after the government stopped paying for the victim's psychiatric care.

As noted above, there is a split among the states regarding a sentencing court's ability to modify the conditions of probation to a defendant's detriment. Some states hold that this can be done only after the defendant has violated probation. Other states hold that, even without a violation, this can be done if there has been a significant change in circumstances warranting the imposition of more onerous conditions. But even if we adopted the rule allowing modification of probation conditions whenever there has been a significant change in the relevant circumstances, no such change occurred in Reyes's case. The fact that some-

---

**31.** 27 Ariz.App. 797, 558 P.2d 992 (1977).

one else is now paying for the victim's care is not a sufficient change of circumstances to trigger the sentencing court's conditional authority to modify the conditions of Reyes's probation.

We are not saying that the restitution order is factually unjustified, nor are we saying that the victim's family can not sue Reyes for the damage he has caused. But Judge Souter did not impose restitution as a condition of Reyes's probation at the original sentencing, and Alaska law does not authorize the judge to go back and add this condition to Reyes's probation now.

Because the Alaska sentencing statutes did not authorize Judge Souter to add restitution to the conditions of Reyes's probation, we vacate that newly-added condition.

*Reyes's eligibility for parole; whether his composite sentence is "presumptive"*

At the re-sentencing, Judge Souter declared that he was going to correct "something that [was] a bit ambiguous in [Reyes's] first sentence". The judge stated:

> The first sentence said: "Eight years of the sentence on Counts I, II, and III is presumptive." What it left out [was] whether ... the consecutive time from Counts II and III is presumptive and is to be added to the eight years presumptive on Count I. That was my intent. [So] I'm going to reword [the judgement] this time so it says ... "a total consecutive presumptive term of twelve years, nine months".

■ On appeal, Reyes contends that this was an illegal increase in his sentence, and the State concedes error. But before we accept the State's concession of error in a criminal case, we must independently evaluate the issue ourselves.[32] In this case, we conclude that the State's concession of error is ill-founded.

The issue here is Reyes's eligibility for discretionary parole. For purposes of this

appeal, the relevant difference between a presumptive prison term and a normal prison term is that a defendant serving a presumptive term has restricted eligibility for parole. Both Reyes and the State believe that Judge Souter imposed an additional restriction on Reyes's parole eligibility. We conclude, however, that this is not so.

Our first premise, derived from the presumptive sentencing statutes, is that judges have no choice whether to apply the presumptive sentencing laws to a particular defendant. In the various subsections of AS 12.55.125, the legislature has declared which defendants are subject to presumptive terms of imprisonment, and what those presumptive terms are.

■ When a presumptive term applies to the defendant's crime, the sentencing judge has a conditional power to adjust that presumptive term under AS 12.55.155. And if the sentencing judge concludes that such an adjustment still fails to achieve justice, the judge may refer the defendant's case to the statewide three-judge sentencing panel under AS 12.55.165. But the sentencing judge has no power to sentence the defendant as if the presumptive sentencing laws did not apply.[33]

Our next premise, derived from the parole statutes, is that Judge Souter's decision to label Reyes's term of imprisonment "presumptive" had absolutely no effect on Reyes's eligibility for discretionary parole. Under the facts of this case, Reyes's parole eligibility is set by statute.

■ Reyes stands convicted of three counts of sexual abuse of a minor in the first degree. As a first felony offender, Reyes was subject to a presumptive term of 8 years' imprisonment on each count.[34] Judge Souter had the authority to increase this term of imprisonment because the State proved one aggravating factor (Reyes had engaged in

**32.** *See Marks v. State,* 496 P.2d 66, 67–68 (Alaska 1972).

**33.** In general, see *Juneby v. State,* 641 P.2d 823, 829–832 (Alaska App.1982), and *on rehearing,* 665 P.2d 30, 38–39 (Alaska App.1983).

**34.** AS 12.55.125(i)(1).

similar conduct with another victim).[35] Because of this aggravating factor, Judge Souter was authorized by AS 12.55.155(a) to consider any term of imprisonment up to the 30–year maximum.

Judge Souter ultimately sentenced Reyes to a composite term of 12 years, 9 months' imprisonment. The judge achieved this composite term by sentencing Reyes to an enhanced term of 10 years on Count I, then imposing partially consecutive 10–year terms on Counts II and III.

AS 33.16.090(b) declares (with certain exceptions not pertinent here) that "a prisoner is not eligible for discretionary parole during the term of a presumptive sentence". The statute adds, however, that such prisoners are eligible for discretionary parole "during a term of sentence enhancement imposed under AS 12.55.155(a) or during the term of a consecutive or partially consecutive presumptive sentence imposed under AS 12.55.025(e) or (g)." [36]

Thus, defendants subject to presumptive sentencing are eligible for discretionary parole to a limited extent—if their presumptive term has been enhanced because of aggravating factors, or if they have received consecutive or partially consecutive presumptive sentences. In such cases, defendants become eligible for parole (under the conditions set out in AS 33.16.100) after they have served the unadjusted presumptive term for their most serious offense (minus credit for good time).[37]

Reyes was convicted of three counts of first-degree sexual abuse of a minor, an offense that carries an 8–year presumptive term. The remainder of Reyes's sentence—the additional 4 years, 9 months—is attributable to a combination of enhancement under AS 12.55.155(a) and the judge's decision to impose partially consecutive sentences. Thus, by statute, Reyes will be eligible for discretionary parole under AS 33.16.100 after he has served 8 years in prison (counting his credit for good time). This was true before Judge Souter said anything about making the additional time "presumptive", and it remains true.[38]

AS 33.16.100 governs parole eligibility for defendants who have served their unadjusted presumptive term. The general rule, codified in AS 33.16.100(c), is that parole eligibility arrives after the defendant has served "at least one-fourth of the period of confinement imposed, one-fourth of an enhanced period of confinement imposed under AS 12.55.155(a), or any minimum term set [by the judge] under AS 12.55.115 at sentencing, whichever is greater." Reyes, however, was convicted of an unclassified felony under AS 12.55.125(i). For him, AS 33.16.100(d) prescribes a somewhat different rule:

> A prisoner who is sentenced for a term under AS 12.55.125(a), (b), (c), or (i) may not be released on discretionary parole until the prisoner has served the mandatory minimum term under AS 12.55.125(a), (b), (c), or (i), at least one-third of the period of confinement imposed, or any minimum term set [by the judge] under AS 12.55.115 at sentencing, whichever is greater.

Reyes received a presumptive term, not a mandatory minimum term. Judge Souter did not exercise his power under AS 12.55.115 to restrict Reyes's eligibility for parole release. And, unlike its sibling provision, AS 33.16.100(d) does not require a defendant to serve any fixed portion of an enhanced presumptive term imposed under AS 12.55.155(a). Thus, AS 33.16.100(d) places only one restriction on Reyes's eligibility for parole: he must serve "at least one-third of [his composite] term of confinement".

Reyes's composite term is 12 years, 9 months. Thus, AS 33.16.100(d) declares that Reyes will not be eligible for discretionary parole until he has served 4 years, 3 months in prison. Reyes will have met this requirement by the time he becomes eligible for

---

**35.** AS 12.55.155(c)(18)(B).

**36.** AS 12.55.025(e) and (g) are the statutory provisions that authorize—and sometimes compel—consecutive sentencing.

**37.** *See* AS 33.16.090(c).

**38.** We express no opinion concerning Judge Souter's potential authority to expand Reyes's parole eligibility if Reyes had proved one or more mitigating factors.

parole in the first place—that is, by the time he finishes serving his 8–year unadjusted presumptive term. Again, Judge Souter's decision to label Reyes's sentence "presumptive" has no effect on this result.

*Conclusion*

We AFFIRM Reyes's composite term of 12 years, 9 months to serve. We VACATE the newly-added condition of probation requiring Reyes to make restitution for his victim's psychiatric care. And with regard to Judge Souter's declaration that Reyes's entire sentence is "presumptive", we hold that the purported "change" in Reyes's sentence was actually no change at all. Reyes's parole eligibility is controlled by statute, and that parole eligibility was unaffected by Judge Souter's decision to re-label the sentence "presumptive".