STATE of Alaska, Appellant,

v.

**Calvin Z. COFEY, Appellee.**

No. A–7752.

Court of Appeals of Alaska.

Dec. 7, 2001.

Eric A. Johnson, Assistant Attorney General, Office of Special Prosecutions and Ap-

**734**

peals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellant.

No appearance for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

When a defendant is convicted of a crime covered by Alaska's presumptive sentencing laws, the defendant will presumptively be sentenced to the term of imprisonment specified in the applicable section of AS 12.55.125. And (with certain exceptions not pertinent here), AS 33.16.090 declares that "a prisoner is not eligible for discretionary parole during the term of a presumptive sentence". But AS 12.55.155(a) authorizes a sentencing judge to reduce the applicable presumptive term of imprisonment if the defendant proves one or more of the mitigating factors listed in AS 12.55.155(d). The question presented in this appeal is whether, when a sentencing judge reduces the defendant's term of imprisonment because of mitigating factors, the judge can also order that the defendant be eligible for discretionary parole release.

As we explain below, the Alaska statutes are ambiguous concerning a prisoner's eligibility for discretionary parole when the prisoner receives a reduced presumptive term. However, the Parole Board has promulgated a series of regulations that clarify parole eligibility for prisoners sentenced under the presumptive sentencing laws. One of these regulations, 22 AAC 20.060, declares that "[a] prisoner sentenced to a mitigated presumptive term under AS 12.55.155(d) is not eligible for discretionary parole."

Technically, no one is "sentenced ... under AS 12.55.155(d)". Another section of the statute—AS 12.55.155(a)—contains the sentencing provision that authorizes judges to reduce a presumptive term when mitigating factors are proved. Section 155(d) merely lists the permissible mitigating factors. Nevertheless, 22 AAC 20.060 is the answer to the question presented in this appeal. A

prisoner who receives a reduced presumptive term is not eligible for discretionary parole.

*Facts of this case*

Calvin Z. Cofey pleaded no contest to third-degree controlled substance misconduct, a class B felony. Because Cofey was a second felony offender, he faced a presumptive term of 4 years' imprisonment.[1] The State proved various aggravating factors, and thus the superior court was authorized to increase Cofey's sentence up to the statutory maximum of 10 years' imprisonment.[2] However, Cofey proved mitigating factors, and thus the sentencing judge was also authorized to reduce Cofey's sentence down to no imprisonment at all.[3]

After considering the aggravators and mitigators, the sentencing judge adjusted the presumptive term both upward and downward: he imposed a sentence of 6 years with 3 years suspended—*i.e.,* 3 years to serve. The judge then declared that these 3 years to serve were "non-presumptive". By this, the judge intended to make Cofey eligible for discretionary parole release.

The State appeals this last aspect of the judge's decision. The State contends that when a defendant is subject to presumptive sentencing, the sentencing judge can not make the defendant eligible for discretionary parole—even when, because of mitigating factors, the judge is authorized to reduce the presumptive term. For the reasons explained here, we agree.

*The legislature's 1978 and 1985 revisions of the parole statutes*

The legislature enacted Alaska's presumptive sentencing laws in 1978.[4] At the same time, the legislature amended our parole statutes to restrict the discretionary parole eligibility of prisoners covered by presumptive sentencing. Specifically, the legislature amended former AS 33.15.180 ("Persons Eligible for Parole") so that discretionary parole was no longer available to prisoners "impris-

**1.** AS 12.55.125(d)(1).

**2.** AS 12.55.155(a)(1); AS 12.55.125(d).

**3.** AS 12.55.155(a)(1).

**4.** *See* SLA 1978, ch. 166.

oned in accordance with AS 12.55.125(c), (d)(1), (d)(2), (e)(1), or (e)(2)".[5]

(In 1978, these listed statutes defined the presumptive terms for all defendants subject to presumptive sentencing. AS 12.55.125(c) specified the presumptive terms for defendants convicted of class A felonies; AS 12.55.125(d)(1)-(d)(2) specified the presumptive terms for second and third felony offenders convicted of class B felonies; and AS 12.55.125(e)(1)-(e)(2) specified the presumptive terms for second and third felony offenders convicted of class C felonies. Since then, the legislature has created another class of presumptive sentences for defendants convicted of first-degree sexual assault and first-degree sexual abuse of a minor. These presumptive terms are specified in AS 12.-55.125(i).)

It soon become apparent that the 1978 amendment to the parole statute was susceptible of varying interpretations. As explained above, the statute denied parole eligibility to prisoners "imprisoned in accordance with AS 12.55.125(c), (d)(1), (d)(2), (e)(1), or (e)(2)". But some judges concluded that this language did not apply to prisoners sentenced under AS 12.55.155(a)—the statute that authorizes judges to increase or decrease the normal presumptive term when aggravating and mitigating factors are proved.

These judges concluded that when a defendant's sentence was increased above the normal presumptive term pursuant to AS 12.55.155(a) because of aggravating factors, the sentencing judge could grant parole eligibility for the portion of the sentence in excess of the presumptive term. Similarly, these judges concluded that when a defendant's sentence was decreased below the normal presumptive term pursuant to AS 12.55.155(a) because of mitigating factors, the judge could grant parole eligibility for any portion of the sentence that exceeded the absolute minimum sentence specified by AS 12.55.155(a)—*i.e.*, no minimum term of imprisonment if the applicable presumptive term was 4 years or less,[6] or half the applica-

ble presumptive term if that presumptive term was greater than 4 years.[7]

In 1985, the House Judiciary Committee drafted a bill—CSHB 141(Jud)—that rewrote Alaska's parole statutes. This bill ultimately became law as SLA 1985, ch. 88. In their "Sectional Analysis and Commentary" to section 2 of the bill, the Judiciary Committee described the problems that had arisen under the pre–1985 law because of the ambiguous relationship between presumptive sentencing and parole eligibility:

[There is a] major ambiguity ... in current law. With the passage of the new criminal code in 1978 and the enactment of Alaska's presumptive sentencing scheme, offenders who were presumptively sentenced were decreed to be ineligible for discretionary parole. However, within this scheme, no statutory provision or legislative intent has defined "presumptive sentence" for the purpose of discretionary parole eligibility. A few sentencing courts have concluded that the law is ambiguous and have declared that after an offender serves one presumptive term, he is thereafter eligible for discretionary parole during subsequent consecutive presumptive terms. In addition[,] some presumptively sentenced offenders have been made eligible for discretionary parole during the period of enhancement when the presumptive sentence was increased because the crime was an aggravated one. The same rationale employed by the courts in these instances can also be used to make a presumptively sentenced prisoner eligible for parole if the presumptive sentence was mitigated. The practice of granting discretionary parole eligibility to subsequent presumptive terms in a consecutive sentence, and to those portions of presumptive terms which are sentence enhancements because the crime was aggravated, is clearly allowed in ... section [2 of this new bill].

1985 House Journal, Vol. 2, Supp. No. 42 (April 4th), p. 3.

**5.** SLA 1978, ch. 66, § 15.

**6.** AS 12.55.155(a)(1).

**7.** AS 12.55.155(a)(2).

This commentary is striking because, although it identifies three major problems in the former law, it only resolves one of them. The three identified problems are: (1) the lack of a firm definition of "presumptive sentence" for purposes of describing parole eligibility; (2) the fact that some judges believed that defendants subject to presumptive sentencing might be eligible for parole during an enhanced or consecutive presumptive term; and (3) the fact that some judges believed that defendants subject to presumptive sentencing might be eligible for parole if their presumptive term was reduced because of mitigating factors. Having identified these three problems, the House Judiciary Committee spoke to the second problem, declaring that their new bill "[clearly allowed the] practice of granting discretionary parole eligibility to subsequent presumptive terms in a consecutive sentence, and to those portions of presumptive terms which are sentence enhancements because the crime was aggravated". But the Committee did not enact a definition of "presumptive sentence", nor did the Committee state its position regarding the practice of granting parole eligibility to defendants who received a mitigated presumptive term.

The House Judiciary Committee's draft—which ultimately became SLA 1985, ch. 88, § 2—repealed former AS 33.15 and replaced it with our current chapter on parole, AS 33.16. In this new chapter, AS 33.16.090 is the main provision defining prisoners' eligibility for discretionary parole:

(a) A prisoner who is serving a term of at least 181 days, and who is not otherwise ineligible under (b) of this section, may ... be released on discretionary parole subject to AS 12.55.086(d), [AS] 12.55.115, and AS 33.16.100(c) and (d).

(b) Except as provided in (e) of this section, a prisoner is not eligible for discretionary parole during the term of a presumptive sentence; however, a prisoner is eligible for discretionary parole during a term of sentence enhancement imposed under AS 12.55.155(a) or during the term of a consecutive or partially consecutive presumptive sentence imposed under AS 12.55.025(e) or (g)....

(c) Except as provided in (e) of this section, a prisoner eligible for discretionary parole during a period of sentence enhancement imposed under AS 12.55.155(a) or during a consecutive or partially consecutive presumptive sentence imposed under AS 12.55.025(e) or (g) shall serve the unenhanced portion of the sentence or the initial presumptive sentence before being otherwise eligible for discretionary parole under AS 33.16.100(c) or (d). For purposes of this subsection, the sentence for the most serious offense in the case of consecutive or partially consecutive presumptive sentences shall be considered the initial presumptive sentence. The unenhanced or the initial presumptive sentence is considered served for purposes of discretionary parole on the date the unenhanced or initial presumptive sentence is due to expire less good time earned under AS 33.20.010.

In its sectional analysis and commentary, the House Judiciary Committee devoted special attention to AS 33.16.090, declaring that it "resolve[d][the] major ambiguity present in [the former] law." [8] But, as explained above, there were three major ambiguities in the pre–1985 law, and the new law resolved only one of them.

AS 33.16.090 resolved the issue of whether prisoners were eligible for parole if they were sentenced to more than the presumptive term because of aggravating factors or consecutive terms. In fact, the new statute mandates parole eligibility for these prisoners; a sentencing judge has no discretion in this matter. [9] But the new law did not supply a definition of "presumptive sentence", and it was silent on the parole eligibility of prison-

8. 1985 House Journal, Vol. 2, Supp. No. 42 (April 4th), p. 3.

9. See Reyes v. State, 978 P.2d 635, 642–43 (Alaska App.1999) (holding that the parole statutes specify a prisoner's eligibility for discretionary parole when the prisoner has received an enhanced presumptive term or consecutive prison terms; a sentencing judge's decision to label the defendant's sentence "presumptive" or "non-presumptive" is irrelevant because the judge has no discretion to alter the parole eligibility specified by the statutes).

ers who received less than the presumptive term because of mitigating factors. In fact, with regard to the ambiguity surrounding mitigated presumptive sentences, the new law arguably only made things worse.

The former law, AS 33.15.180, had been ambiguous because it listed various presumptive sentencing statutes but omitted any express mention of sentences imposed under AS 12.55.155(a). The new law, AS 33.16.090, dropped the list of specific sentencing statutes and simply declared that prisoners were not eligible for parole "during the term of a presumptive sentence". But this begged the question. If a judge, pursuant to AS 12.55.155(a), reduced a defendant's sentence below the applicable presumptive term because of mitigating factors, was the resulting sentence a "presumptive sentence"? As the House Judiciary Committee acknowledged in their commentary, one of the major problems with the former law was that it contained no explicit definition of "presumptive sentence". The new law perpetuated this problem: it, too, contained no definition of "presumptive sentence".

*The Parole Board's enactment of new parole regulations in 1991*

In 1991, the Parole Board acted to clarify the relationship between discretionary parole and presumptive sentencing by promulgating a series of regulations governing the parole eligibility of prisoners who are sentenced under the presumptive sentencing laws.[10] With certain exceptions for prisoners whose crimes were committed before September 13, 1987, these rules are as follows:

(1) 22 AAC 20.055—*aggravated presumptive terms:* A prisoner who "is sentenced to an aggravated presumptive term under AS 12.55.155(c) [*sic:* technically, the reference should be to AS 12.55.155(a)] is eligible for discretionary parole after serving the unaggravated portion of the sentence (the time equal to the presumptive term less good time credited under AS 33.20.010) [, plus] one-third [of the aggravated portion of the term of imprisonment if the prisoner was convicted of a class A felony, first-degree sexual assault, or first-degree sexual abuse of a minor,] or one-fourth of the aggravated portion of the term of imprisonment [if the prisoner was convicted of a class B or class C felony]." [11]

(2) 22 AAC 20.070(c)—*consecutive presumptive terms:* "If a prisoner is sentenced to consecutive presumptive terms or partially consecutive presumptive terms, [the prisoner becomes eligible for] discretionary parole ... [after] serv[ing] the initial presumptive term (the time equal to the presumptive term less good time credited under AS 33.20.010) [, plus] one-third or one-fourth of the second or subsequent presumptive sentences [under the same rules governing aggravated presumptive terms]."

(3) 22 AAC 20.060—*mitigated presumptive terms:* "A prisoner sentenced to a mitigated presumptive term under AS 12.55.155(d) [*sic:* again, the reference should be to AS 12.55.155(a)] is not eligible for discretionary parole."

In the first two of these regulations, the Parole Board closely tracked the provisions of AS 33.16.090—100. But the third regulation—22 AAC 20.060, which denies discretionary parole to prisoners who receive mitigated presumptive terms—arguably exceeds the provisions of AS 33.16.090—100 because it resolves an ambiguity in these statutes.

This fact does not mean that the regulation is invalid. Both the supreme court and this court have upheld administrative regulations that interpret and clarify governing statutes, even when those regulations arguably expand the scope of the statutes.[12] This same rule of law applies here. The legislature has directed the Parole Board to "adopt regulations

---

10. *See* Administrative Code Register 117 (effective January 30, 1991).

11. *See* 22 AAC 20.040(6) (specifying the offenses that require the prisoner to serve one-third of the aggravated portion of the term, and the offenses that require the prisoner to serve one-fourth of the aggravated portion of the term).

12. *See Church v. Alaska Department of Revenue,* 973 P.2d 1125, 1127–29 (Alaska 1999); *Alaska Department of Revenue v. Cosio,* 858 P.2d 621, 625 (Alaska 1993); *State v. Otness,* 986 P.2d 890, 893–94 (Alaska App.1999) (Mannheimer, J., concurring).

... establishing standards under which the suitability of a prisoner for special medical or discretionary parole shall be determined".[13] By promulgating 22 AAC 20.060, the Parole Board resolved the statutory ambiguity surrounding the discretionary parole eligibility of prisoners who receive a mitigated presumptive term. This action appears to be within the Board's lawful authority.

### Conclusion

22 AAC 20.060 declares that a prisoner who receives a mitigated presumptive term under AS 12.55.155(a) is not eligible for discretionary parole. Accordingly, a sentencing court has no authority to grant discretionary parole eligibility when imposing a mitigated presumptive term.

In Cofey's case, the superior court erred when it designated Cofey's sentence "non-presumptive" in an attempt to ensure that Cofey would be eligible for discretionary parole. That portion of the superior court's

13. AS 33.16.060(b)(1).

sentencing order is REVERSED. The superior court shall amend its judgement by deleting the sentence that reads, "The court having found that mitigating factors apply, the resulting jail service is non-presumptive."

However, now that we have clarified this aspect of Alaska sentencing law, we believe that the superior court should be given the opportunity to reconsider Cofey's sentence. Accordingly, when jurisdiction over this case returns to the superior court under Appellate Rule 507(b), the court is authorized—but is not obliged—to reconsider Cofey's sentence of imprisonment. We express no opinion as to whether the superior court should adjust Cofey's sentence in any manner.